This Court granted petitioner's request that we review the opinion of the Court of Criminal Appeals in this case.475 So.2d 593 (1984).
The sole question presented is whether a trial court loses jurisdiction to consider a motion to amend a sentence, which is filed within 30 days after the imposition of the sentence, but which is not presented to the trial judge within the 30-day period.
The Court of Criminal Appeals held that "[a]lthough a motion to amend the sentence does not come within the precise language of Rule 13 (c) [Temporary Rule of Criminal Procedure, effective March 1, 1982], we think it is within the coverage thereof in light of the clear intent of Rule 13 captioned `Post-trial motions.'" The Court of Criminal Appeals was correct in noting that a motion to amend or correct a sentence does not come within the precise language of Temporary Rule 13,[1] and was *Page 600 
also correct in holding that the requirement that post-trial motions be presented to the trial judge within 30 days is no longer the law of this state. It is true that under the provisions of Code 1940 (Recomp. 1958), Title 13, § 119, all post-trial motions, in both civil and criminal cases, had to be called to the trial judge's attention within 30 days of judgment, but this requirement was not carried forward into the 1975 Code. The procedure applicable in criminal cases is provided for by Temporary Rule 13, Ala.R.Crim.P., which became effective March 1, 1982.
Based on the foregoing, we determine, as did the Court of Criminal Appeals, that because the motion is one made after the trial, it should be treated as one that need not be presented to the trial judge within 30 days. It was the intent of Temporary Rule 13, Ala.R.Crim.P., to abrogate the necessity of presenting post-judgment motions in criminal cases to the judge and entering orders continuing the motions in order to keep them alive. In this sense, Temporary Rule 13 corresponds with Rule 59, Ala.R.Civ.P., and accomplishes the same result as that rule.
Based on the foregoing, the judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., not sitting.
[1] The Advisory Committee on Alabama Rules of Criminal Procedure presented to this Court for adoption a Rule which would have clearly delineated the powers of a trial court to reduce a sentence, as petitioner sought to have the court do here. The Advisory Committee's proposed Rule 24.3 reads as follows:
"Rule 24.3 Correction or Reduction of Sentence.
 "(a) Correction. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for reduction of sentence.
 "(b) Reduction. The court may reduce a sentence within 120 days after the sentence is imposed, unless a notice of appeal has been filed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of Supreme Court of Alabama denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation.
"COMMENT
 "This rule is taken from Rule 35, Federal Rules of Criminal Procedure, and permits the trial judge the opportunity of reducing a sentence after imposition. There are any number of situations where such power is useful and appropriate. The rule is drafted on the basis that sentencing will be in the court rather than a jury. If by special provision sentence were set by the jury the court would not have power to reduce the sentence under section (b). The court in most instances should give notice to the parties prior to actual reduction of the sentence." Ala.R.Crim.P., Advisory Committee Draft, June 1, 1977."
The fact that this Court did not include in Temporary Rule 13 provisions similar to those contained in proposed Rule 24.3 does not mean that this Court cannot broaden the scope of Temporary Rule 13 to include motions to alter or correct a sentence, even though the rule only refers to motions to amend and motions in arrest of judgment. Any post-trial motion to amend or correct a sentence, however, must be filed within 30 days after sentence is pronounced, as provided in Temporary Rule 13 (a)(2) and the provisions of subsection (d) regarding denial of such a motion by operation of law would also apply.