On July 25, 1990, the appellant, Kenneth B. Melvin, entered a plea of guilty to an indictment charging criminal possession of a forged instrument in the second degree. This plea rests upon a plea bargain agreement that, in exchange for Melvin's plea, the prosecutor would recommend that Melvin be sentenced to 9 years' imprisonment, but be placed on 2 years' probation if Melvin paid $8,900 restitution and court costs by August 24, 1990. On August 24, Melvin could pay only $4,500 restitution, so the trial court sentenced him to 5 years' imprisonment and ordered him to pay $4,000 restitution that day, with the balance to be paid when Melvin returned from prison, along with $50 victims' compensation assessment, court costs, and attorney's fees.
On September 11, 1990, Melvin filed notice of appeal. On September 21, he filed a motion for the trial court to amend his sentence, alleging that his failure to make restitution was a "major factor" in sentencing and that he "now has the wherewithal to make full restitution in this cause." On October 8, the trial court denied Melvin's motion with the notation, "I don't have jurisdiction of this case since it is on appeal."
Melvin contends that the trial court erred in finding that it was without jurisdiction to hear his motion to amend his sentence where the motion was filed within 30 days of sentencing, but subsequent to the notice of appeal. He argues that, even though a motion to amend sentence is not specifically mentioned in A.R.Cr.P.Temp. 13, it is nevertheless within the coverage of the rule and, therefore, should be treated the same procedurally as a motion for new trial or a motion in arrest of judgment, which are mentioned in the rule. He relies primarily on the language and holding in Pickron v.State, 475 So.2d 593 (Ala.Cr.App. 1984), aff'd, 475 So.2d 599
(Ala. 1985), to support his contention, wherein we held, inter alia, that "[a]lthough a motion to amend the sentence does not come within the precise language of Rule 13(c), we think it is within the coverage thereof in light of the clear intent of Rule 13 captioned "Post-trial motions." " Id. at 598. He also argues that a motion to amend sentence under Rule 13 should be treated in the same procedural manner as a motion for a new trial or a motion to arrest judgment is treated under Rule 4(b)(1), A.R.App.P., which states, in pertinent part, that in a criminal case in circuit court, "when notice of appeal is made or filed before the timely filing of a motion in arrest of judgment, motion for new trial, . . . the time for filing of the court reporter's transcript and the clerk's record shall be governed . . . as if the notice of appeal had been filed on the date of the overruling of such motion." In further support of his contention he cites Ex parte Andrews, 520 So.2d 507
(Ala. 1987), and § 12-22-133, Code of Alabama 1975. The court held in Andrews:
 "We hold that a notice of appeal filed within 30 days of judgment does not divest the trial court of jurisdiction to receive post-judgment motions to alter, amend, or vacate that are timely filed within 30 days of the judgment and to rule thereon within 90 days of the filing of the motion as permitted under Rule 59.1, A.R.Civ.P. A notice of appeal may be filed by the dissatisfied party within 42 days after the trial court rules on the motion or it is denied by operation of law."
520 So.2d at 510.
Section 12-22-133, provides: *Page 1367 
 "Where an appeal is taken from the judgment of any municipal, district or circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial and also retains jurisdiction for the purpose of enforcing its judgment where the appeal is dismissed before the judgment of the appellate court is entered."
Our review of the pertinent statutes, the rules, and the cases construing them leads us to the conclusion that, although Rule 13 does not contain a precise section which authorizes a court to entertain a post-judgment motion to amend a sentence, the power resides in the court, if such a motion is filed within 30 days after pronouncement of sentence. We hold that a notice of appeal filed within 30 days of sentencing does not divest the trial court of jurisdiction to receive and to act upon a post-judgment motion to amend sentence, filed pursuant to Rule 13, within 30 days of sentencing, regardless of the sequence in which the notice of appeal and the motion are filed. Andrews; Pickron; A.R.Cr.P.Temp. 13; A.R.App.P. 4(b)(1); H. Maddox, Alabama Rules of Criminal Procedure § 24.6 (1990).
In the instant case, the motion to amend sentence was timely filed and, even though notice of appeal had been given prior to its filing, the trial court retained jurisdiction to consider the motion. The trial court's refusal to rule upon the motion on the ground that it lacked jurisdiction was error.
This cause is due to be remanded to the trial court with instructions to conduct a hearing on the appellant's motion to amend sentence and to rule upon same. Due return should be made to this remand within 60 days of the date of the release of this opinion.
The case of Yearby v. State, 451 So.2d 425 (Ala.Cr.App. 1984), is overruled insofar as it conflicts with this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.