The appellant, Jerry L. Martinez, was convicted of possession of cocaine and possession of marijuana and was sentenced to five years' imprisonment in each case. On this appeal from those convictions, he contends that the trial court erred in finding that his consent to search his automobile was voluntary.
The appellant filed a motion to suppress the evidence seized during the search of his automobile. Evidentiary hearings were held on this motion on August 30, 1991, and September 4, 1991. On September 25, 1991, the trial court overruled the motion. On that same date the appellant waived his right to a jury and submitted the question of his guilt or innocence to the trial judge based on the facts adduced at the hearings on the motion to suppress. The trial judge found the appellant guilty of the possession of cocaine and marijuana.
The appellant was sentenced on October 22, 1991. On that same date, the appellant *Page 505 
filed a motion for reconsideration of sentence, which was denied on November 26, 1991. On December 3, 1991, the appellant filed a second motion for reconsideration of sentence, which was denied on December 14, 1991. Written notice of appealwas filed on December 23, 1991. The record contains no indication of any oral notice of appeal.
Rule 4(b)(1), A.R.App.P., in pertinent part, provides: "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence. . . ." Under that same rule, certain post-trial motions toll or extend the time for filing the notice of appeal: "If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (six weeks) after the denial or overruling of the motion." Rule 4(b)(1). We have made it clear that a motion for reconsideration of sentence does not extend the time for filing notice of appeal: "A motion to reconsider or amend does not fall within that category of motions that tolls the time for appeal under the Alabama Rules of Appellate Procedure. See Yearby v.State, 451 So.2d 425 (Ala.Crim.App. 1984)." Conleyv. State, 545 So.2d 246, 247 (Ala.Cr.App. 1989). Cf.Turner v. State, 365 So.2d 335 (Ala.Cr.App.), cert. denied, 365 So.2d 336 (Ala. 1978) ("[a] request for probation following sentencing does not extend the time for appeal from a judgment of conviction"); Patterson v. State,549 So.2d 635, 636 (Ala.Cr.App. 1989) (motion to reconsider denial of Rule 20, A.R.Crim.P.Temp. (now Rule 32, A.R.Crim.P.), petition does not toll time for filing notice of appeal).
In Melvin v. State, 583 So.2d 1365 (Ala.Cr.App. 1991), the defendant filed his notice of appeal 18 days after sentence was pronounced. Ten days later, he filed his motion to amend sentence. The trial court denied the motion "with the notation, 'I don't have jurisdiction of this case since it is on appeal.' " Melvin, 583 So.2d at 1366. On appeal, this Court held that the timely filed notice of appeal did not divest "the trial court of jurisdiction to receive and to act upon a [timely filed] post-judgment motion to amend sentence."[1] Although in Melvin we stated that "Yearby v. State, 451 So.2d 425 (Ala.Cr.App. 1984), is overruled insofar as it conflicts with this opinion,"583 So.2d at 1367, it is clear that both the facts and the issues contained in Yearby and Melvin are entirely different.
In this case, the 42-day period for filing the notice of appeal expired on December 3, 1991. The notice of appeal simply was not timely filed. "Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed."Woods v. State, 371 So.2d 944, 945 (Ala. 1979).
This appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.
[1] A motion for reconsideration of sentence must be filed within 30 days of the pronouncement of sentence. SeePickron v. State, 475 So.2d 593, 596 (Ala.Cr.App. 1984), affirmed, 475 So.2d 599 (Ala. 1985).