PATTERSON, Presiding Judge.
The appellant, Larry K. Wilson, originally filed a post-conviction petition, designated as a “Petition for Writ of Habeas Corpus Treat as a Post-Conviction,” in Shelby County. This petition appears to contest the validity of a 1982 conviction for first degree assault and the resulting sentence of five years’ imprisonment, alleging that Wilson’s guilty plea, upon which the conviction rests, was not knowingly and intelligently entered. In his petition, Wilson also appears to contest the use of this 1982 conviction to enhance his sentence for a 1989 conviction for manslaughter.
Because this petition is in the nature of an A.R.Cr.P. 32 petition, Rule 32.4, it was properly transferred to the Jefferson County Circuit Court, the court of conviction, to be treated as such. See Rule 32.5. The circuit court denied this petition on December 6, 1991, finding that “[t]hese matters are more properly raised by petition pursuant to Rule 20, Alabama Rules of Criminal Procedure [Temp.].” On December 27, 1991, Wilson filed a motion for reconsideration that the court denied on January 23, 1991. On February 4 — 60 days after the court’s dismissal of Wilson’s petition — Wilson filed a notice of appeal.
The notice of appeal was untimely filed. See A.R.App.P. 4. A motion for reconsideration does not toll the time for perfecting an appeal. See Patterson v. State, 549 So.2d 635, 636 (Ala.Cr.App.1989) (motion for reconsideration does not toll time for perfecting appeal after denial of petition for postconviction relief); Conley v. State, 545 So.2d 246 (Ala.Cr.App.1989) (same). “Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed.” Woods v. State, 371 So.2d 944, 945 (Ala.1979).
Therefore, this appeal is hereby dismissed. See A.R.App.P. 2(a)(1).
APPEAL DISMISSED.
All Judges concur.