BOWEN, Presiding Judge.
This is an attempted appeal from the denial of a motion for reconsideration of sentence. The facts, in chronological order, are as follows:
August 9, 1991: Curtis Ray Holt was convicted of two counts of sodomy.
November 20, 1991: Holt was sentenced to 14 years’ imprisonment on each count. He was ordered to serve his sentence at the Bullock County Facility for the Treatment of Sex Offenders and it was further ordered that “upon completion of said program of certification that he has received maximum benefit of same, Defendant is to be transported back to this court for consideration of whether or not the balance of his sentence should be suspended on conditions.” C.R. 5.
February 7, 1992: The appellant filed a “motion for reconsideration of sentence,” alleging that he had been told that he was not eligible for the sex offenders treatment program. C.R. 7.
April 15, 1992: The appellant filed a motion for the production of the transcript of his trial and sentence proceedings. C.R. 15.
May 6, 1992: The appellant filed a motion for production of “transcripts and other related documents.” C.R. 16. In that motion, the appellant asserted that he had “requested that his trial counsel appeal said conviction. Which these instructions were ignored by counsel. Defendant’s case never was put on direct appeal.” C.R. 16.
May 15, 1992: The trial court denied the appellant motion for production filed May 6, 1992, “pending ... [h]is filing of some appropriate post trial motion, requiring the transcript and materials sought, together with and [sic] affidavit of indigence, Rule 32 certification of PMOD account, and any other prerequisites to this court’s ordering preparation of an indigent transcript.” C.R. 17.
July 13, 1992: The appellant filed an “affidavit of substantial hardship.” C.R. 18.
July 31, 1992: The trial court entered an order, stating, in part:
“This Court having previously Ordered that Defendant, following completion of the sex offender program, be transported back to this Court for consideration of whether the balance of his sentence would be suspended on conditions, and
“This Court being advised that Defendant will not be accepted into nor complete such program, due to his adamant denial of his guilt of the underlying offense, and
“IT IS THEREFORE CONSIDERED AND ORDERED that this matter is set for hearing on the 24th day of August, at 8:00 o’clock a.m., at the Colbert County Courthouse, whereat Defendant may present any evidence he may have why this Court should suspend all or any portion of the balance of his sentence.” C.R. 24.
The trial court appointed counsel to represent the appellant “in connection with this hearing and any further matters in connection with this cause.” C.R. 24.
August 11, 1992: The hearing was continued. C.R. 25.
October 27, 1992: The hearing was held and the trial court ordered “the balance of the Defendant’s sentence should not be suspended and Defendant shall serve the balance of his sentence as originally Ordered on both counts.” C.R. 26.
At the conclusion of that hearing, appellant’s counsel asked the trial court whether “this [would] be considered the final sentencing in this matter?” The court responded: “No, sir, I think that’s a matter *1040 that I cannot determine; that is a matter of law.” R. 8.
December 2, 1992: The appellant filed a notice of appeal from “Sodomy, 1st (2 counts) & Denial of Motion for Post-Conviction.” C.R. 29. The “Court of Criminal Appeals Docketing Statement” filed this date indicates that this is an appeal from a “State Conviction.” C.R. 31.
December 15, 1992: The Clerk of the Court of Criminal Appeals, who had before it only the notice of appeal, issued the following order:
“The circuit clerk of Colbert County has transmitted a notice of appeal in the above-referenced cause which states that the appellant is appealing both His 1991 sodomy convictions and the trial court’s denial of a Rule 32 petition involving said convictions.
“Upon consideration of the above, the Court of Criminal Appeals ORDERS that the sodomy convictions be stricken from this appeal since the notice of appeal from these convictions was not timely filed. The Court further ORDERS that the record on appeal in this cause shall contain only those court documents, records, and evidence that were before the court at the time that the Rule 32 petition was denied.
“Additionally, it is ORDERED that the briefs in this appeal shall address only those issues which relate to the trial court’s denial of the Rule 32 petition.”
December 21, 1992: The entry on the case action summary for this date states: “Petition for Relief From Conviction or Sentence & Memorandum Brief — Mid to Judge Simpson.” C.R. 6. The record contains no Rule 32 petition for post-conviction relief.
May 6, 1993: The appellant filed in the Court of Criminal Appeals a “motion for stay of proceedings so defendant can file a Rule 32 petition.” This Court denied that motion on May 11, 1993.
Despite confusion both in the trial court and in this court, it appears that a Rule 32, A.R.Crim.P., petition for post-conviction relief was never filed in the trial court. There is no petition for post-conviction relief contained in the record on appeal and there is no indication in the record that the trial court denied such a petition.
This appeal appears to be nothing more than an appeal from the denial of a motion for reconsideration of sentence. However, the only manner in which a defendant can seek review of the denial of a motion for reconsideration of sentence where he has not filed a timely notice of appeal from the original conviction and sentence is through the use of a petition for post-conviction relief filed pursuant to Rule 32, A.R.Crim.P.
The appellant did not give timely notice of appeal from his conviction. Under Rule 4(b)(1), A.R.App.P., the appellant must have given notice of appeal within 42 days after his original sentencing which occurred on November 20, 1991. That 42-day period for filing notice of appeal expired on January 2,1992. The motion for reconsideration filed on February 7,1992, did not extend the time for filing notice of appeal. Martinez v. State, 602 So.2d 604, 505 (Ala.Cr.App.1992). See also Wilson v. State, 609 So.2d 6, 7 (Ala.Cr.App.1992). “Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed.” Woods v. State, 371 So.2d 944, 945 (Ala.1979). Accord State v. Mangon, 603 So.2d 1131, 1132 (Ala.Cr.App.1992); State v. Reiner, 530 So.2d 903, 904 (Ala.Cr.App.1988).
The appellant’s remedy, if any, is by way of a petition for post-conviction relief. This appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.