Jackie Lee Hitt was convicted of driving while under the influence of alcohol ("D.U.I."), a violation of § 32-5A-191(h), Ala. Code 1975; driving while his license was revoked, a violation of § 32-6-19, Ala. Code 1975; and harassment, a violation of §13A-11-8, Ala. Code 1975. Hitt appealed his D.U.I. and harassment convictions and his D.U.I. sentence to the Court of Criminal Appeals. That court, on August 28, 1998, affirmed the convictions and the D.U.I. sentence, with an unpublished memorandum. Hitt v.State (No. CR-97-0154), 741 So.2d 481 (Ala.Crim.App. 1998) (table). Hitt sought certiorari review only as to his D.U.I. sentence; we granted his petition. We reverse the judgment of the Court of Criminal Appeals insofar as it affirms Hitt's D.U.I. sentence, and we remand the cause.
The trial court conducted a sentencing hearing on September 4, 1997. The court sentenced Hitt to two months' imprisonment on both his conviction for driving while his license was revoked and his conviction for harassment, with those sentences to be served concurrently. Hitt's D.U.I. conviction was treated as a felony conviction,[1] and for that conviction the court sentenced him to three years' imprisonment. The sentence was split; the court ordered Hitt to serve eight weeks in the Department of Corrections' substance-abuse program and placed him on three years' supervised probation. The court also fined Hitt $5,000.
On September 10, Hitt filed a motion for a new trial; on September 15, he moved to withdraw that motion. On September 17, the court granted Hitt's motion to withdraw his request for a new trial.
On October 7, the trial court, on its own motion, entered an order modifying Hitt's *Page 161 
felony D.U.I. sentence. The court again sentenced him to three years' imprisonment and split the sentence, but the sentence as modified ordered Hitt to serve 18 months in prison and to complete the Department of Corrections' substance-abuse program during that time. The court did not modify the requirement of three years' supervised probation or the amount of the fine. In the amended sentencing order, the court indicated that it had modified the sentence "[i]n order for the defendant to receive the benefit of the drug treatment program to which the undersigned sentenced him on September 4, 1997."
Hitt argued to the Court of Criminal Appeals that, according to Rule 24.1(b), Ala.R.Crim.P., the trial court did not have jurisdiction on October 7 to modify his D.U.I. sentence, because more than 30 days had elapsed since he had been originally sentenced on September 4.[2] The State argued that the trial court still had jurisdiction on October 7 to modify Hitt's sentence because, it said, Hitt's motion for a new trial tolled the running of the 30-day jurisdictional period provided by Rule 24.1. The Court of Criminal Appeals agreed with the State and concluded that on October 7 the trial court had jurisdiction to modify Hitt's D.U.I. sentence because, that court held, the running of the 30-day jurisdictional period provided in Rule 24.1 was tolled for the 7-day period during which Hitt's motion for a new trial was pending.
It is clear, under Alabama's rules of civil, criminal, and appellate procedure, that the time within which a notice of appeal must be filed is tolled by the filing of a timely posttrial motion for a new trial. See Rule 59, Ala.R.Civ.P.; Rule 24.1, Ala.R.Crim.P.; and Rule 4, Ala.R.App.P. Once the posttrial motion is disposed of, the 42-day period within which a party can file a notice of appeal begins to run anew. See the rules cited above. After reviewing the rules pertinent to the case before us, we conclude that the Court of Criminal Appeals has attempted to apply this principle of tolling in a setting where it does not apply, and that that error worked to Hitt's prejudice.
Rule 24 of the Rules of Criminal Procedure addresses posttrial motions. Rule 24.1 governs motions for a new trial:
 "(a) Power of the Court. When the defendant has been sentenced, the court, on motion of the defendant or on its own motion, may order a new trial.
 "(b) Timeliness. A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall include an appeal from the denial of the motion."
Rule 24.2 governs motions in arrest of judgment:
 "(a) Power of the Court. The court, on written motion of the defendant or on its own motion, shall arrest judgment if the charging instrument does not charge an offense, or if the court was without jurisdiction of the offense charged.
 "(b) Timeliness. A motion in arrest of judgment shall be filed within thirty (30) days after sentence is pronounced. The court may act on its own motion in arresting judgment only during the period in which a motion in arrest of judgment would be timely."
Motions to amend or correct a sentence are not specifically mentioned in the Rules of Criminal Procedure, but this Court has held that such posttrial motions are governed *Page 162 
by Rule 24. Pickron v. State, 475 So.2d 599 (Ala. 1985). See, also, Rose v. State, 598 So.2d 1040 (Ala.Crim.App. 1992). Further, if timely filed, such a motion may be presented to the court for a ruling after the 30-day period. See Rule 24.3, Ala.R.Crim.P.; Pickron, 475 So.2d at 599-600.
Although this principle is not directly stated in the Rules of Criminal Procedure, the Court of Criminal Appeals has held that if a motion for a new trial or a request to modify a sentence is not filed within 30 days after sentencing, then at the end of the 30th day the trial court loses all jurisdiction to modify a defendant's sentence. Hill v. State, 562 So.2d 1386
(Ala.Crim.App. 1990); Ex parte Hayden, 531 So.2d 940 (Ala.Crim.App. 1988). That court has also held that the pendency of a motion for a new trial does not deprive the trial court of the jurisdiction to receive and act upon a separate motion to amend a sentence, so long as that separate motion is filed within 30 days of the sentencing. Melvin v. State, 583 So.2d 1365 (Ala.Crim.App. 1991). In other words, the trial court does not lose its power to amend a sentence just because the running of the time in which an appeal can be taken is tolled by the pendency of a timely filed motion for a new trial.
The provision for tolling the running of the time for taking an appeal allows the party moving for a new trial the opportunity to seek redress in the trial court, thereby possibly avoiding the need for an appeal, without fearing that the deadline for appealing may pass while the new-trial motion remains pending. We see no justification for allowing the trial court additional time in which to act on its own motion to amend a sentence in a setting where no posttrial motion is pending. As previously noted, Hitt voluntarily withdrew his motion, with the approval of the trial court.
While other rules of criminal procedure are not as restrictive on a trial court's authority to act as Rule 24 is,[3] under Rule 24.2, governing motions in arrest of judgment, a trial court has the authority to act on its own motion in arresting judgment only during the 30-day period in which a defendant can make a motion in arrest of judgment. We decline to extend the time in which a trial court has jurisdiction to modify a defendant's sentence ex mero motu by borrowing a concept applicable to a factor not here presented — the need to protect a defendant who has moved for a new trial from being shut out of an appeal on the basis that his appeal time expired while he was waiting for a ruling on his new-trial motion. The trial court here acted outside the 30-day jurisdictional period when it purported to modify Hitt's D.U.I. sentence on October 7. By then, the trial court had lost jurisdiction to modify the sentence; therefore, the order purporting to modify Hitt's D.U.I. sentence is void. The original D.U.I. sentence must be reinstated.
The judgment of the Court of Criminal Appeals affirming the trial court's modification of Hitt's D.U.I. sentence is reversed. The cause is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, See, Johnstone, and England, JJ., concur.
Brown, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case
.
[1] Section 32-5A-191(h) provides that on a fourth or subsequent conviction for driving while under the influence of alcohol, a defendant is guilty of a Class C felony.
[2] The Court of Criminal Appeals stated in its unpublished memorandum that even though Hitt had made this argument for the first time on appeal, it would address the argument because it concerned the trial court's jurisdiction. "[J]urisdictional matters are of such magnitude that [appellate courts] take notice of them at any time and do so even ex mero motu." Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987). See, also, King v. State,677 So.2d 836 (Ala.Crim.App. 1996).
[3] See, e.g., Rule 26.12(c) (trial court may, "at any time," reconsider consecutive sentences to make them concurrent); Rule 27.2 (trial court may, "at any time," modify or clarify any condition of probation); Rule 27.3 (trial court may extend or terminate probation "at any time"); Rule 29 (trial court may correct clerical mistakes "at any time"). *Page 163