MAIN, Judge.
Michael Eugene Stevenson appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he challenged his September 17, 2001, guilty-plea convictions for second-degree receiving stolen property and attempted production of pornography involving a person or persons under 17 *1217 years of age, and his resulting sentences, as a habitual offender with three prior felony convictions, of 15 years’ imprisonment for the receiving-stolen-property conviction and 30 years’ imprisonment for the attempted-production-of-pornography conviction. The record indicates that two other charges were nolle prossed as part of the plea agreement. Stevenson stated in his petition that he did not appeal the convictions.
Stevenson filed his Rule 32 petition on June 3, 2009. In his petition, Stevenson alleged: (1) that there were defects in the sentencing proceedings that rendered his sentences illegal; (2) that his guilty pleas were unlawfully induced or involuntarily entered without an understanding of the nature of the charges and the consequences of the pleas; (3) that he was denied a speedy trial and resolution of the charges against him; (4) that the proceedings against him violated the Interstate Agreement on Detainers Act; (5) that his counsel was ineffective with regard to the plea proceedings and at sentencing; (6) that the State did not prove any prior convictions for purposes of the application of the Habitual Felony Offender Act (“the HFOA”); and (7) that the search warrant that resulted in incriminating evidence was defective. The State filed a motion to dismiss the Rule 32 petition, asserting that each claim in the petition was procedurally barred pursuant to Rule 32.2(a)(3) and that the claims were without merit.[1] On July 24, 2009, Stevenson filed a response to the State’s motion to dismiss. On May 13, 2010, the circuit court summarily denies Stevenson’s petition.[2] This appeal followed.
I.
Because of the factual allegations in the petition and on appeal, in order to address Stevenson’s claims we must first determine when Stevenson was sentenced. Stevenson asserts that, although he entered his guilty plea on September 17, 2001, he was not actually sentenced until December 9, 2008. In his petition, Stevenson argued that his attorney informed him that he would be sentenced to concurrent 15-year sentences if he agreed to plead guilty. Stevenson contended that he decided to plead guilty based on that belief and that, after pleading guilty, the trial court indicated that it only needed to change something regarding the HFOA and the range of punishment on the signed Ireland[3] guilty-plea form. Stevenson claimed, however, that the trial court did not impose the sentence at that time but instead allowed him to be released on bond for 32 days to tend to his personal affairs, and that he was supposed to return on October 19, 2001, to begin serving his sentence. Thus, according to Stevenson, the “case was still open as sentencing was not concluded.” (C. 49.)[4] Stevenson stated that he did not report on October 19, 2001, to begin serving his sentence but fled to Oklahoma, where he was later arrested on charges arising in Oklahoma. Stevenson was eventually returned to Alabama, and *1218 on December 9, 2008, he was brought back before the trial court, at which time the trial court purported to order that his sentences run consecutively, rather than concurrently as initially imposed in 2001.
The case-action-summary continuation for Case No. CC-00-4061 (attempted production of pornography) in the record before this Court contains entries dated September 17, 2001, indicating that Stevenson was “called before the Court and asked whether he has anything to say as to why sentence should not be pronounced against him says no sir” (C. 30); that the trial court ordered that Stevenson “be imprisoned in the penitentiary for a term of 30 years” (C. 30); and that the “sentence imposed in this case is run concurrent with sentence imposed in case(s) numbered CC-00^059.” (C. 31.) The case-action-summary continuation for Case No. CC-00^1059 (receiving stolen property) contains similar entries with regard to a 15-year sentence and running concurrently with the sentence in CC-00-4061. (C. 9-10.) Thus, despite Stevenson’s arguments to the contrary, the record before this Court indicates that Stevenson was in fact sentenced on September 17, 2001.
Having resolved that question, we now address Stevenson’s claims.
II.
None of Stevenson’s allegations implicate the trial court’s subject-matter jurisdiction and, therefore, the procedural bars in Rule 32.2.[5]
With regard to claims 6 (that the State did not provide notice of its intent to apply the HFOA or prove any prior convictions for purposes of the application of the HFOA) and 7 (defective search warrant), those claims are, as asserted by the State and found by the circuit court, barred pursuant to Rule 32.2(a)(3), because they could have been, but were not, raised at trial. See Wallace v. State, 959 So.2d 1161, 1164 (Ala.Crim.App.2006) (“A challenge to insufficient notice of the State’s intent to seek application of the HFOA is subject to the procedural bars in Rule 32.2, Ala. R.Crim.P.”); and Ex parte Batey, 958 So.2d 339, 341 (Ala.2006) (“[T]he failure to prove a prior conviction [for purposes of the application of HFOA] is not a jurisdictional matter; therefore, consideration of that issue in a Rule 32 petition is precluded.”).
With regard to claims 3 (denial of speedy trial and resolution of the charges against him) and 4 (alleged violations of the Interstate Agreement on Detainers Act), those claims are based on Stevenson’s belief that he was not sentenced until December 9, 2008. As we have decided that question adversely to Stevenson, those claims are baseless and do not entitle Stevenson to any relief.
Finally, with regard to claims 1 (alleged defects in the guilty-plea and sentencing proceedings) and 2 (that his guilty plea was unlawfully induced or involuntarily entered into without an understanding of the nature of the charges and the consequences of the plea), to the extent that those claims challenge proceedings that occurred in 2001, they are, as asserted by the State in its motion to dismiss the petition, barred pursuant to Rule 32.2(a)(3), because they could have been, but were not, raised at trial. See Fincher v. State, 837 So.2d 876 (Ala.Crim.App.2002) (a challenge to the voluntariness of a guilty plea is not jurisdictional). To the extent that they are based on the trial court’s December 9, 2008, order purporting to order that *1219 Stevenson’s sentences run consecutively, Stevenson is entitled to no relief on those claims because, for the reasons we discuss in Part III of this opinion, the circuit court’s order is void.
III.
As noted in Part II of this opinion, many of Stevenson’s allegations are based on the trial court’s December 9, 2008, order purporting to order that Stevenson’s sentences, which had previously been imposed as concurrent sentences, run consecutively. The State avers on appeal that the case is due to be remanded for the circuit court to correct a defect in the sentence. We agree.
The trial court, at the September 17, 2001, sentencing, ordered that Stevenson’s sentences were to run concurrently. On December 9, 2008, when Stevenson was brought before the trial court after being returned from Oklahoma, the trial court ordered that Stevenson’s sentences run consecutively.
Generally, “a trial court retains jurisdiction to modify a sentence for 30 days after that sentence is pronounced.” State v. Monette, 887 So.2d 314, 315 (Ala.Crim.App.2004). See also Ex parte Hitt, 778 So.2d 159, 162 (Ala.2000) (“[I]f a motion for a new trial or a request to modify a sentence is not filed within 30 days after sentencing, then at the end of the 30th day the trial court loses all jurisdiction to modify a defendant’s sentence.”). Although Rule 26.12(c), Ala.R.Crim.P., allows a sentencing court to “at any time, by a nunc pro tunc order provide that previously imposed consecutive sentences run concurrently,” we find no such provision allowing for a trial court to, more than 30 days after sentence is pronounced, order that previously imposed concurrent sentences be served consecutively.[6] Thus, because Stevenson was sentenced on September 17, 2001, the trial court was without jurisdiction to order that those previously imposed concurrent sentences run consecutively. Therefore, we remand this case with instructions that the trial court vacate its order of December 9, 2008, and reinstate the sentences imposed on September 17, 2001. The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 28 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.

. The State further asserted that Stevenson’s allegation that the State did not give notice of its intention to proceed under the HFOA was also barred pursuant to Rule 32.2(c).

. The circuit court’s order specified Rule 32.2(a)(3) as the basis for the denial of some of the claims; Rule 32.2(c) as the basis for the denial of one claim; and the lack of merit, as the basis for the denial of some of the claims.

. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).

. Stevenson averred that a transcript of the plea colloquy would establish that the requirements of Rule 26.9, Ala.R.Crim.P., were not met.

. The claims Stevenson presented in his petition but does not pursue on appeal are deemed to be abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) ("We will not review issues not listed and argued in brief.”).

. The trial court also has jurisdiction to reopen a case more than 30 days after sentencing in limited circumstances, such as circumstance recognized by the legislature in enacting § 13A-5-9.1, Ala.Code 1975. See Kirby v. State, 899 So.2d 968 (Ala.2004). No such circumstance authorized by the Alabama Constitution of 1901 or by statute exists in this case.