MURDOCK, Justice.
This Court granted certiorari review to determine whether a motion to modify or set aside a restitution order in a criminal case should be treated as a motion for a new trial under Rule 24.1, Ala. R.Crim. P., with regard to tolling the time for taking an appeal. We reverse the decision of the Court of Criminal Appeals dismissing the appeal in this case as untimely, and we remand the case for further proceedings.
I. Proceedings Below
Amanda Holderfield was convicted of second-degree assault. See Ala.Code 1975, § 13A-6-21. On April 7, 2015, Holderfield was sentenced to 60 months' imprisonment; that sentence was suspended, and Holderfield was ordered to serve 3 years' supervised probation, to undergo mental-health treatment and substance-abuse treatment, to pay $100 to the Alabama Crime Victims Compensation Fund, and to pay restitution of $2,219.99 to the "City of Gardendale Municipal Works Comp Fund." On May 6, 2015, Holderfield filed a "Motion to Set Aside Order of Restitution and Request Hearing." On June 15, 2015, the Jefferson Circuit Court denied Holderfield's motion to set aside the restitution order. Four days later, on June 19, Holderfield appealed.
The Court of Criminal Appeals dismissed Holderfield's appeal, without an opinion. In its order dismissing the appeal, that court concluded that Holderfield's appeal was untimely because, it reasoned, (1) the motion to set aside the restitution order was not equivalent to a Rule 24.1 motion for a new trial and thus did not toll the time for filing an appeal and (2) the appeal was not filed within 42 days after entry of the restitution order.
This Court granted certiorari review to determine whether the filing of Holderfield's motion to set aside the restitution order tolled the time for filing an appeal.
II. Standard of Review
"This Court reviews pure questions of law in criminal cases de novo." Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003). See also Sheffield v. State, 890 So.3d 1056, 1059 (Ala.2014) (applying a de novo standard of review when determining whether the Court of Criminal Appeals had jurisdiction to consider an appeal); Ex parte Walker, 152 So.3d 1247 (Ala.2014) (to same effect).
III. Analysis
The issue in this case is whether a motion to modify or to set aside a restitution order is equivalent to a motion for a new trial under Rule 24.1 with regard to tolling the time for filing an appeal.
Rule 4(b)(1), Ala. R.App. P., provides that a notice of appeal by a defendant in a criminal case must be filed within 42 days after the pronouncement of sentence. If a motion for a new trial under Rule 24.1 is filed within 30 days after the pronouncement of sentence, the time for filing the notice of appeal is tolled; in that event, the notice of appeal must be filed within 42 days after the denial of the motion for a new trial.
In Ex parte Hitt, 778 So.2d 159 (Ala.2000), this Court noted that motions to amend or correct a sentence are governed by Rule 24, Ala. R.Crim. P., and that the filing of such a motion tolls the time for filing a notice of appeal. We stated in Hitt:
"It is clear, under Alabama's rules of civil, criminal, and appellate procedure, that the time within which a notice of appeal must be filed is tolled by the filing of a timely posttrial motion for a *745 new trial. See Rule 59, Ala. R. Civ. P.; Rule 24.1, Ala. R.Crim. P.; and Rule 4, Ala. R.App. P. Once the posttrial motion is disposed of, the 42-day period within which a party can file a notice of appeal begins to run anew....
"....
"Motions to amend or correct a sentence are not specifically mentioned in the Rules of Criminal Procedure, but this Court has held that such posttrial motions are governed by Rule 24. Pickron v. State, 475 So.2d 599 (Ala.1985). See, also, Rose v. State, 598 So.2d 1040 (Ala.Crim.App.1992). Further, if timely filed, such a motion may be presented to the court for a ruling after the 30-day period. See Rule 24.3, Ala. R.Crim. P.; Pickron, 475 So.2d at 599-600."
Hitt, 778 So.2d at 161-62.
In Dixon v. State, 920 So.2d 1122, 1127 (Ala.Crim.App.2005), the Court of Criminal Appeals stated: "A motion to set aside or modify a sentence falls under the purview of Rule 24.4[, Ala. R.Crim. P.]." See also State v. Monette, 887 So.2d 314, 315 (Ala.Crim.App.2004) ("A motion to alter, amend, or vacate a sentence is the functional equivalent of a motion for a new trial and 'should be treated the same procedurally as a motion for new trial or a motion in arrest of judgment....' " (quoting Melvin v. State, 583 So.2d 1365, 1366 (Ala.Crim.App.1991) )).
However, as Holderfield noted in her petition to this Court, precedents of the Court of Criminal Appeals on this point are conflicting. In its order dismissing Holderfield's appeal, the Court of Criminal Appeals relied on two of its previous decisions- Holt v. State, 628 So.2d 1038 (Ala.Crim.App., 1993), and Martinez v. State, 602 So.2d 504 (Ala.Crim.App.1992) -both of which state that a motion to reconsider a sentence does not toll the time for filing a notice of appeal. We note that Holt and Martinez were decided before this Court's decision in Hitt and that the order of the Court of Criminal Appeals in this case did not attempt to reconcile Holt and Martinez with Hitt or Dixon. See also Esters v. State, 894 So.2d 755, 758 n. 4 (Ala.Crim.App.2003) ("Caselaw appears to be in conflict in regard to the effect of Rule 24 on ... counsel's motion to reconsider Esters's sentences and Esters's pro se motion to vacate his sentences."). The Dixon court noted the conflict identified in Esters and stated that the better approach is to treat a motion to amend a sentence as a motion governed by Rule 24.
We reaffirm our statement in Hitt that a motion to modify or to set aside a sentence is equivalent to a motion for a new trial under Rule 24.1. If such a motion is filed within 30 days after pronouncement of sentence, it will toll the time for filing a notice of appeal.
We similarly conclude that this tolling principle extends to motions to modify or to set aside a restitution order. A restitution hearing is a component of a criminal sentencing proceeding, and restitution is a component of the criminal defendant's punishment. See Hill v. Bradford, 565 So.2d 208, 210 (Ala.1990) ; Ex parte Stewart, 74 So.3d 944, 950-51 (Ala.2011) (explaining that an order of restitution "is a part of the criminal sentence"); Ala.Code 1975, § 15-18-67 ("[R]estitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages."). Restitution may be ordered at the time a sentence of imprisonment is imposed, or it may be *746 ordered at a later date.[1] Although a restitution hearing may be held, or a restitution order entered, subsequent to the pronouncement of the other components of the sentence, see Hill, 565 So.2d at 210,[2] when, as here, restitution is ordered when the remainder of the sentence is imposed, a motion to modify or to set aside that restitution is treated as a motion for a new trial under Rule 24.1.
IV. Conclusion
We reverse the decision of the Court of Criminal Appeals dismissing Holderfield's appeal, and we remand the cause to that court for further proceedings.
REVERSED AND REMANDED.
PARKER, SHAW, MAIN, and BRYAN, JJ., concur.
STUART, J., concurs specially.
BOLIN and WISE, JJ., dissent.
In light of this Court's language in Ex parte Stewart, 74 So.3d 944, 950-51 (Ala.2011), and Hill v. Bradford, 565 So.2d 208, 210 (Ala.1990), stare decisis compels me to concur with the statement in the majority opinion that restitution is a component of a criminal sentence. I, however, disagree with that principle. An order to serve a period of imprisonment and an order to pay restitution to the victim of the crime are part of a criminal defendant's punishment for committing an offense against the State and the victim. But, in my opinion, a criminal sentence is an order of imprisonment-the loss of a defendant's freedom-whereas an order of restitution addresses the defendant's payment of compensation to the victim for his or her injuries. Each order is a component of a defendant's punishment, and not a component of his or her sentence.

Nothing in this opinion should be read as altering the principle, as stated in Ex parte Walker, 152 So.3d 1247, 1252 (Ala.2014), that a
"determination that a defendant's conviction of a criminal offense is ripe for appeal consists of pronouncement of both a determination of a defendant's guilt and a sentence. When both a determination of guilt and a sentence are evident from the record, a judgment of conviction is set forth, and a defendant's case is ripe for appeal."
That is, a delay in ordering restitution will not alter the time in which to file an appeal from an otherwise final judgment of conviction and determination of sentence.

A restitution order entered after the remainder of the sentence is a separately appealable order. See Heupel v. State, 113 So.3d 695, 698 n. 3 (Ala.Crim.App.2012).