TAYLOR, Presiding Judge.
The petitioner, Frank Ray Dandridge, filed this petition for a writ of mandamus against the Honorable Eugene Reese, circuit judge of the Montgomery Circuit Court, seeking an order directing Judge Reese to vacate his order modifying the appellant’s sentence. The petitioner had previously pleaded guilty to two counts of enticing a child into an automobile for immoral purposes, a violation of § 13A-6-69, Code of Alabama 1975. He was sentenced to five years in the penitentiary for each count, the sentences to run concurrently, and was ordered to undergo the “maximum treatment” offered in the sex offender program at the Bullock Correctional Facility. Before the petitioner completed the sex offender program, it was discontinued. The petitioner was then brought before the court and his original sentence was modified. The court suspended that part of his sentence that could not be completed and placed him on supervised probation. After the petitioner failed to comply with the terms of his probation, the trial court revoked his probation. A petition for a writ of habeas corpus was filed in the trial court. A petition for a writ of mandamus was then filed with this court.
The petitioner contends that the trial court did not have jurisdiction to modify his sentence after the sex offender program was terminated and that at that point he should have been treated as if he had served his sentence. Specifically, the petitioner contends that pursuant to Rule 24, Ala.R.Crim. P., the court lost jurisdiction to modify his sentence and was without jurisdiction, therefore, to revoke his probation because 30 days *167 had elapsed since the sentence was imposed. We do not agree that the court lost jurisdiction. As this court recently stated in Sor-rells v. State, 667 So.2d 142,143 (Ala.Cr.App. 1994): “[T]he appellant’s original sentence was void. Therefore, the trial court retained jurisdiction and had the duty to sentence the appellant.”
Because the petitioner’s sentence was incapable of completion, the sentence was rendered void. The Circuit Court acted within its authority in resentencing the appellant. Any actions that occurred after the petitioner’s sentence was modified were within the jurisdiction of the circuit court. The petition for a writ of mandamus is due to be denied.
PETITION DENIED.
All the Judges concur.