The appellant, James Allan Seay, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 2000 convictions for one count of first-degree rape, a violation of § 13A-6-61, Ala. Code 1975, and one count of first-degree sodomy, a violation of § 13A-6-63, Ala. Code 1975.[1] Seay was sentenced to two consecutive terms of 20 years' imprisonment. No direct appeals were taken from these convictions.
Seay filed this Rule 32 petition on February 19, 2002. In his petition, Seay argued (1) that he received ineffective assistance of trial counsel; and (2) that his appellate counsel failed to appeal within the prescribed time and that counsel's failure to appeal was through no fault of his own. Following an evidentiary hearing, the circuit court entered a written order denying Seay's petition on November 20, 2002, stating, in pertinent part:
 "While the Petitioner had a right to appeal, based upon the facts of this case, an appeal would be frivolous and meritless. The Court is aware that the Court of Criminal Appeals has held in Hulsey v. State, 527 So.2d 790 [(Ala.Crim.App. 1988)], that failure to file timely notice of appeal is a denial of effective assistance of counsel. However, the facts of this case can be distinguished from Hulsey v. State. In this matter, the Petitioner entered a guilty plea. An appeal would be frivolous and meritless. Therefore, the Court does not feel that the Petitioner was denied effective assistance of counsel."
(C. 21-22.) This appeal followed.
On appeal, Seay argues that the circuit court improperly denied his Rule 32 petition without making specific findings of fact with regard to his claims of ineffective assistance of trial counsel and appellate counsel's failure to perfect his appeal. Accordingly, Seay argues, he is entitled to an out-of-time appeal. *Page 1067 
Rule 32.9(d) requires the trial court to make specific findings of fact in its order denying a petition for postconviction relief when an evidentiary hearing has been held on the merits of the petition. "Appeal to this court has been ruled to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel." Mancil v. State,682 So.2d 501, 502 (Ala.Crim.App. 1996). See also Roe v.Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985
(2000).
Conflicting testimony was presented during the evidentiary hearing regarding the subject of Seay's appeal. Seay testified that, through his mother, he requested that his counsel file an appeal. Seay's mother likewise testified that she made contact with appellate counsel and they discussed appealing Seay's conviction, and that counsel advised "that he would look into doing it." However, Seay's appellate counsel testified that while he discussed the possibility of an appeal, he did not tell her that he would "look into doing an appeal" or assure her that he would file an appeal. Additionally, counsel stated that he believed that he told Seay's mother the limited grounds available when appealing a guilty plea.
Although there was a factual dispute over whether counsel made any representation to Seay's mother about filing an appeal, the circuit court failed to make any findings of fact regarding this issue. This type of conflict in the evidence presented during the hearing was a matter for the court to resolve by making specific findings of fact regarding this claim. See Bedwell v. State,710 So.2d 493, 496-97 (Ala.Crim.App. 1997).
The State concedes that the trial court failed to make specific findings of fact regarding Seay's claim that his attorney failed to file a notice of appeal after being requested to do so. The State requests that we remand this cause for the circuit court to make findings of fact regarding whether Seay's counsel failed to file a notice of appeal after making representations to Seay, through his mother, that he would do so.
Based on the foregoing, we remand this case for the circuit court to make specific findings of fact regarding Seay's claim. If the circuit court finds that counsel did, in fact, represent that he would file a notice of appeal, but did not do so, then Seay is entitled to an out-of-time appeal. See Noble v. State,708 So.2d 217 (Ala.Crim.App. 1997) (if the failure to timely file a notice of appeal is through no fault of the appellant's, he is entitled to an out-of-time appeal); Jones v. State,495 So.2d 722 (Ala.Crim.App. 1986) (petitioner granted an out-of-time appeal after no notice of appeal was filed, despite petitioner's specific request that his counsel file a notice of appeal).
If, however, the circuit court finds that no such representations were made, the circuit court should apply the analysis set forth in Roe v. Flores-Ortega, supra. Under this standard, if counsel fails to make any representations about appealing, no per se prejudice rule applies. Nevertheless, counsel still owes a duty to consult with his client about appealing "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480, 120 S.Ct. 1029. On remand, the court should make such findings of fact necessary to determine whether counsel owed a duty to Seay to consult with him regarding an appeal, whether such a duty was breached, and whether Seay was prejudiced by that *Page 1068 
breach. Therefore, the court should make findings regarding whether Seay showed any non-frivolous grounds for appeal, whether Seay or his mother indicated to counsel any desire to appeal, whether other "substantial reasons" are shown to believe that Seay would have appealed, and whether counsel's conduct was so deficient that it caused Seay to forfeit an appeal that he would have otherwise filed. 528 U.S. at 485-87, 120 S.Ct. 1029.
Although an evidentiary hearing has already been conducted, on remand the circuit court may also conduct such further proceedings or take such additional evidence as it deems necessary to make its determination and specific findings of fact. A return to remand shall be filed with this Court within 42 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings, if any are conducted, and the evidence submitted, as well as the circuit court's findings of fact. We pretermit discussion of the remaining issues, pending compliance with the directives in this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Seay's convictions resulted from a negotiated plea agreement. In exchange for pleading guilty to one count of first-degree rape and one count of first-degree sodomy, the State agreed to nol-pros the remaining charges against him.
* Note from the reporter of decisions: On April 2, 2003, on return to remand, the Court of Criminal Appeals, by order, reversed Seay's conviction and remanded the case for the circuit court "to set aside appellant's guilty plea and resulting conviction and restore case to docket."