[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 757 
Kenneth Darnell Esters appeals from the circuit court's denial of his petition filed pursuant to Rule 32, Ala. R.Crim. P., in which he sought an out-of-time appeal of his convictions in 2001 for attempted murder and first-degree robbery. See Rule 32.1(f). In his petition, he claimed that his failure to appeal within the prescribed time was not due to any fault on his part, but was due to the ineffective assistance of his counsel. He asserted that neither his two appointed trial counsel nor counsel retained to file a motion to withdraw his guilty pleas filed a notice of appeal and that he had timely notified both appointed counsel and retained counsel that he wanted to appeal. (He specifically alleged that he stated his request to appeal to appointed counsel after he was sentenced and to retained counsel after the trial court denied his pro se motion and retained counsel's motion to withdraw his guilty pleas.)
On appeal, Esters contends that the circuit court abused its discretion in denying his petition without an evidentiary hearing. An understanding of the procedural chronology of this case in the trial court is necessary to a review of the circuit court's ruling.[1]
 April 20, 2001: Esters was sentenced, as a habitual felony offender, to life imprisonment without the possibility of parole for his convictions for attempted murder and first-degree robbery, which were based on his "blind" guilty pleas entered pursuant to a plea agreement.
 May 10, 2001: Appointed trial counsel, Deborah McGowin and Joan Connolly, filed a motion to reconsider Esters's sentences.
 May 16, 2001: Esters filed a pro se motion to withdraw his guilty pleas.[2] It appears from the case action summaries that Esters also filed a pro se "[m]otion for appointment of counsel for said withdrawal *Page 758 
of guilty plea[s]" and a pro se motion to vacate his sentences.
 May 18, 2001: Jim Harper, counsel retained by Esters's family, filed a motion to withdraw Esters's guilty pleas or, in the alternative, for a new trial, asserting, among other grounds, ineffectiveness or conflict of interest concerning Esters's appointed trial counsel.
 June 14, 2001: Appointed trial counsel Connolly filed a motion to withdraw as counsel.
 June 19, 2001: Esters's pro se motion to withdraw his guilty pleas and retained counsel's motion to withdraw Esters's guilty pleas or, in the alternative, for a new trial were denied by operation of law pursuant to Rule 24.4, Ala. R.Crim. P.[3] We also assume, for purposes of this opinion, that appointed trial counsel's motion to reconsider Esters's sentences and Esters's pro se motion to vacate his sentences were also denied by operation of law pursuant to Rule 24.4, Ala. R.Crim. P.[4]
 July 25, 2001: The trial court held a hearing on all motions. It granted Connolly's *Page 759 
motion to withdraw as counsel, declared the pro se motion for appointment of counsel for "said withdrawal of guilty plea[s]" to be moot, and denied appointed counsel's motion for reconsideration of sentence, the pro se motion to vacate the sentences, and the two motions to withdraw the guilty pleas. However, the trial court was without jurisdiction to hold the hearing or to rule on the merits of all but the first two motions. See Finney v. State, 860 So.2d 367 (Ala.Crim.App. 2002); Edgar v. State, 646 So.2d 681, 682 (Ala.Crim.App. 1993), rev'd on other grounds, 646 So.2d 683 (Ala. 1994) (pertinent reasoning approved).
 July 31, 2001: Time for filing the notice of appeal expired. See Rule 4(b)(1), Ala. R.App. P.[5]
 August 14, 2001: Esters filed a pro se motion for appointment of counsel for "said amend sentence hearing."
 August 17, 2001: Esters filed a pro se motion for reconsideration of his sentences and a pro se motion for appointment of counsel for "said reconsider sentence hearing."
 August 20, 2001: The trial court denied Esters's three August pro se motions.
April 24, 2002: Esters filed his Rule 32 petition.
Retained counsel Harper filed an affidavit in response to Esters's allegations in his Rule 32 petition that Harper did not pursue an appeal, as Esters had allegedly requested. In that affidavit, Harper stated that he was retained only to file a motion to withdraw the guilty pleas or, in the alternative, for a new trial; that, at the motions hearing, appointed trial counsel McGowin and Connolly testified on Esters's behalf; that no one, including Esters, had requested that Harper file an appeal; that, had Esters so requested, he would have referred Esters to another attorney because Harper does not do appellate work; and that he had had no contact with Esters or Esters's family since the hearing.
In denying Esters's petition, the circuit court adopted, intoto, the State's response to Esters's petition. It specifically found that retained counsel Harper "was only hired by Petitioner's family to file and prosecute a Motion to Withdraw Guilty Plea[s]," not to appeal. This finding was supported by Harper's affidavit.
However, no evidence was presented to contradict Esters's allegation that he also requested appointed trial counsel to file a notice of appeal. Thus, Esters's allegations in this regard must be accepted as true. See Wright v. State, 845 So.2d 836
(Ala.Crim.App. 2001). In regard to any responsibility carried by appointed counsel, the circuit court held, in part, the following:
 "Connolly and McGowin were forced to withdraw from the representation of Petitioner due to his complaints against them. They had a conflict of interest created by Petitioner. They did not represent Petitioner. Assuming that Petitioner asked them to appeal, they could not because they did not represent Petitioner. Also, it is inconceivable that Petitioner would ask them to appeal when he blamed them for the basis of that appeal."
The circuit court further found that they withdrew before "Petitioner, through his family, hired attorney Jim Harper." *Page 760 
We analyze the circuit court's denial of Esters's petition by the following mandates of Rule 6.2, Ala. R.Crim. P.:
 "(b) Duty of Continuing Representation. Counsel representing a defendant at any stage shall continue to represent that defendant in all further proceedings in the trial court, including filing of notice of appeal, unless counsel withdraws in accordance with a limited contract of employment as described in Rule 6.2(a),[6] or for other good cause as approved by the court.
 "(c) Withdrawal. Counsel may be permitted to withdraw for good cause shown; however, no attorney shall be permitted to withdraw after a case has been set for trial except upon written motion stating the attorney's reasons for withdrawing."
(Emphasis added.) In the Committee Comments to Rule 6.2, we find the following:
 "Section (b) contemplates that the usual procedure will be that counsel initially retained privately or appointed by the court will continue to represent the defendant through all stages of the trial proceeding, including filing notice of appeal. The rationale is that that attorney has the advantage of familiarity with the case. Continued representation also guarantees that the defendant's right of appeal is not lost in the period between termination of trial counsel's responsibilities in the case and retention or appointment of counsel for an appeal, if any. See ABA, Standards for Criminal Justice, Providing Defense Services 5-5.2 (2d ed. 1986).
 "Counsel must move to withdraw by means of a formal written motion. Withdrawal will be permitted only upon order of the court in response to such motion.
Normally, appointed counsel will not be permitted to withdraw prior to appeal. However, if the court permits withdrawal by counsel, the court must then provide new counsel or see that counsel for the defendant has been provided, unless right to counsel has been waived.
 "The purpose of section (c) is to maintain the integrity of the trial date, to protect the interests of the defendant, *Page 761 and to aid the trial court in providing continuity in legal representation. See Ala. Code 1975, § 15-12-5(d) [which states, in part, `To the extent possible, judges shall provide continuity in legal representation.']."
(Emphasis added.) See also Rule 24(b)(1), Ala. R.App. P, which states, "Appointed trial counsel shall continue as defendant'scounsel on appeal unless relieved by order of the trial court." (Emphasis added.) In regard to this particular provision, the Comments to Rule 24 explain:
 "[D]ue to the brevity of time within which an appeal must be taken (42 days), appointed trial counsel in a criminal case shall continue as counsel on appeal. Appointed trial counsel may be relieved of his or her responsibility to continue as counsel on appeal only by order of the trial court."
See also King v. State, 613 So.2d 888, 891 (Ala.Crim.App. 1993) ("if an indigent defendant is constitutionally entitled to the assistance of counsel at sentencing and in the first appeal as a matter of right, that defendant would be entitled to the assistance of counsel in the interim period, absent a waiver");Oliver v. State, 435 So.2d 207 (Ala.Crim.App. 1983) (the petitioner was entitled to an appeal as relief requested in a postconviction petition, where he informed appointed counsel that he wanted to appeal, but counsel did not appeal because counsel considered that he was appointed only through the filing of a motion for a new trial).
Although counsel, retained by Esters's family, filed a motion to withdraw Esters's guilty pleas, both appointed trial counsel were still attorneys of record. Their representation of, and attendant obligations to, Esters existed as long as they remained attorneys of record. Rule 6.2, Ala. R.Crim. P., provides the only means by which counsel may withdraw from representation (after a case has been set for trial): a formal written motion granted by the trial court. Thus, their responsibilities to Esters, including preserving his right to appeal, existed until they were allowed to withdraw as attorneys of record, unless he had validly waived his right to counsel, which does not appear to be the case.
Contrary to the circuit court's findings, Connolly remained Esters's counsel until the trial court granted her formal written motion to withdraw 6 days before the 42-day period for filing notice of appeal expired; it appears that McGowin never filed a formal written motion to withdraw and, the trial court thus never released McGowin from representing Esters.
Thus, if in fact Esters requested, after sentencing, that his appointed counsel file a notice of appeal, they were obligated pursuant to their duty of continuing representation to take the simple procedural steps necessary to protect his right to appeal. We find apropos the following excerpt from the Commentary to ABA, Standards for Criminal Justice, Defense Function 4-8.2 (3d ed. 1993):
 "A defendant needs effective representation and advice in the relatively short period immediately following conviction when the decision whether to appeal must be made. . . . To make the right to counsel meaningful, representation must be continuous throughout the criminal process. . . .
". . . .
 "There is often misunderstanding between lawyer and client concerning the action that will be taken by each after conviction. Rather than continue to face the problem in the form of petitions for relief from time limitations on filing appeals or of postconviction collateral attacks on the ground of inadequate representation, trial counsel's obligation to protect the defendant's right of appeal *Page 762 
should be affirmed. Accordingly, section (b) provides that `[d]efense counsel should take whatever steps are necessary to protect the defendant's rights of appeal.' Frequently, this may include perfecting the appeal itself, even though arrangements may have to be made for other counsel to represent the defendant before the appellate court."
See also Commentary to ABA, Standards for Criminal Justice, Sentencing Standards 18-5.19 (3d ed. 1994) ("defense counsel, even if retained or appointed only for the trial court phase of a prosecution, . . . [has] the minimal professional responsibility to take the necessary steps to protect the offender's right to appeal" if the offender decides to appeal). See, e.g., UnitedStates v. Ruth, 768 F.Supp. 1428 (D.Kan. 1991) (where the defendant informed his trial counsel after sentencing that he wanted to appeal, but, according to trial counsel, the defendant said another attorney would be hired to represent him, trial counsel still had the responsibility to ensure that notice of appeal was timely filed because he had not been granted leave to withdraw); Broeckel v. State, 900 P.2d 1205 (Alaska App. 1995) (although the defendant's family retained counsel after sentencing, appointed trial counsel did not attempt to formally withdraw, as required, and had no authority to unilaterally withdraw from representation; thus, trial counsel had an ongoing duty toward his client).
Moreover, Rule 1.16(d), Ala. R. Prof'l Conduct, requires an attorney, upon termination of representation, to "take steps to the extent reasonably practicable to protect a client's interests." The Comment to this section states that, "[e]ven if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client."
Pursuant to the above authorities, appointed counsel's duty to file a notice of appeal, if requested, was not so tenuous as to be excused by the possibility that other counsel would have been appointed before the 42-day period expired. Trial counsel should file the notice as soon as is reasonably possible after the defendant's request. For these reasons, we reject the attorney general's argument that, because retained counsel Harper could have also timely filed notice, but Esters did not ask him, Esters was not prejudiced by appointed counsel's failure to file notice.
Inherent in Rule 6.2, Ala. R.Crim. P., is our supreme court's determination that the responsibility to preserve the defendant's right to appeal falls upon the attorney of record, which in this case are appointed trial counsel and retained counsel. Retained counsel submitted that he was not asked to file a notice of appeal. It remains for the circuit court to determine whether either appointed counsel was asked.
We also cannot agree with the circuit court's finding that Esters's complaint regarding representation by his appointed trial counsel automatically terminated their duty of representation by "forcing" them to withdraw. Such a per se rule would invite defendants anxious to rid themselves of unwanted lawyers to express dissatisfaction with representation, thereby forcing the appointment of substitute counsel. Cf. People v.Johnson, 227 Ill.App.3d 800, 814-15, 592 N.E.2d 345, 355-56, 169 Ill.Dec. 858, 868-69 (1992). Were the filing of a claim of ineffective counsel or a grievance against counsel sufficient to instantaneously terminate the relationship, a defendant could force the appointment of new counsel simply by filing a complaint, regardless of its merits. Such a per se rule would encourage the filing of even *Page 763 
more groundless complaints against counsel.
In addition, the purpose of the express requirement of formal allowance of withdrawal in Rule 6, Ala. R.Crim. P., is to ensure continuing representation through a critical stage, i.e., the transition from trial to appeal. The Rules are designed to avoid ambiguity of representation at the very point in the appellate process when certainty is imperative. Counsel cannot unilaterally and informally cease representation. By counsel's formally seeking withdrawal, the trial court can take steps necessary to prevent any lapse of representation in the short 42-day period. Formal leave of the court is clearly and unequivocally required before counsel may be deemed to have withdrawn as counsel. This case illustrates the importance of following this procedural safeguard.
The circuit court also erroneously based its summary denial of Esters's petition on its finding that Esters pleaded no prejudice because he did not plead any grounds of an appeal or the likelihood of success. We adopt the following rationale:
 "Federal courts . . . appear almost unanimous in concluding that no prejudice need be shown when ineffective assistance of counsel consists of an attorney's failure to preserve the right of a client to appeal; these cases hold that upon a showing of ineffective assistance, the automatic remedy should be restoration of the right to appeal.
 "[This] approach . . . makes sense, for an attorney who incompetently fails to file a notice of appeal deprives the client of the right to an appeal, not just the right to a successful appeal. Moreover, insisting on a showing of prejudice before allowing an appeal seems a fruitless exercise, since any determination of prejudice in this context will necessarily entail almost the same analysis that would be required in deciding the appeal on its merits. Finally, requiring that prejudice be shown as a condition of allowing an untimely appeal would be of questionable value, since it would impose on the trial court the essentially circular task of reviewing the propriety of its own legal decisions."
Broeckel v. State, 900 P.2d 1205, 1208 (Alaska App. 1995) (citations omitted). Moreover, because petitioners "might have grave difficulty in making even a summary statement of points to be raised on appeal . . . [or] may not even be aware of errors which occurred at trial," a requirement that they show prejudice would deprive them of "their only chance to take an appeal even though they have never had the assistance of counsel in preparing one." Rodriquez v. United States, 395 U.S. 327, 330,89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) (a defendant deprived of the right to appeal by trial counsel's failure to file a notice of appeal is not required to specify errors he would have raised on appeal or to demonstrate that the denial of an appeal was prejudicial in order to state a prima facie case warranting postconviction relief).
Pursuant to the above considerations, Esters presented sufficient facts in his petition to warrant our remanding for a factual determination of whether he informed either appointed counsel of his desire to appeal within time reasonably sufficient for either to have filed an appeal notice. See Wright v. State.
If the court finds that counsel was timely informed, Esters is entitled to an appeal, because the failure to file an appeal is prejudicial per se. In lieu of an evidentiary hearing, the circuit court may take evidence as provided by Rule 32.9(a), Ala. R.Crim. P. See Harper v. State, 676 So.2d 949, 950
(Ala.Crim.App. 1995). In either event, the circuit court should make specific findings of *Page 764 
fact, as required by Rule 32.9(d). If the circuit court holds an evidentiary hearing, the return to remand shall include a transcript of that proceeding. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later that 35 days from the date of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and SHAW, JJ., concur. BASCHAB and WISE, JJ., concur in the result.
[1] We have gathered the information in the chronology primarily from the case action summaries of Esters's two convictions. The record before us contains only three pleadings filed during the trial proceedings: Esters's motion to enter guilty pleas, his pro se motion to withdraw his guilty pleas, and retained counsel's motion to withdraw Esters's guilty pleas or, in the alternative, for a new trial.
[2] We do not necessarily agree with the assertion in the State's response to Esters's petition that, in this pro se motion, Esters blamed his trial attorneys for "coercing" his pleas. Esters averred that the prosecutor coerced him.
[3] Rule 24.4, Ala. R.Crim. P., provides, as follows:
 "No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section."
The case action summaries show that the hearing on the motions was originally set for June 28, 2001, outside the 60-day period. Moreover, the record is devoid of "express consent" by both parties to continue the hearing on Esters's motions past the 60-day period.
[4] Caselaw appears to be in conflict in regard to the effect of Rule 24 on appointed trial counsel's motion to reconsider Esters's sentences and Esters's pro se motion to vacate his sentences. In Pickron v. State, 475 So.2d 593, 598
(Ala.Crim.App. 1984), aff'd, 475 So.2d 599 (Ala. 1985), in deciding the parameters of Temp. Rule 13, Ala. R.Crim. P. (now Rule 24, Ala. R.Crim. P.), the court held that, although a motion to amend the sentence did not come within the precise language of Temp. Rule 13, it was within the coverage of that rule. In affirming this holding, our supreme court noted that "the provisions of subsection (d) [now Rule 24.4] regarding denial of such a motion by operation of law would also apply." 475 So.2d at 600 n. 1. However, other caselaw appears to support a different conclusion. See, e.g., Martinez v. State, 602 So.2d 504
(Ala.Crim.App. 1992) (a motion to reconsider the sentence does not fall within that category of motions that tolls the time for appeal). See also Holt v. State, 628 So.2d 1038 (Ala.Crim.App. 1993). Cf. Ex parte Rivers, 669 So.2d 239 (Ala.Crim.App. 1995) (an application for probation does not fall within the purview of Rule 24.4 and, thus, cannot be denied by operation of law).
Regardless of the operation of Rule 24 on appointed trial counsel's motion to reconsider Esters's sentences and Esters's pro se motion to vacate his sentences, it is clear that the trial court did not have jurisdiction to consider them once the motions to withdraw Esters's guilty pleas were denied. See Little v.State, 676 So.2d 959, 965 (Ala.Crim.App. 1996) (the trial court loses jurisdiction to reconsider sentencing upon denial of the defendant's motion for a new trial). Compare Dollar v. State,687 So.2d 209 (Ala. 1996) (the trial court had jurisdiction to correct an error in the restitution order more than 30 days after the sentence was imposed); Ex parte Dandridge, 684 So.2d 166
(Ala.Crim.App. 1995) (the trial court had jurisdiction to modify the defendant's sentence more than 30 days after the original sentence was imposed where the original sentence was void).
[5] Rule 4(b)(1), Ala. R.App. P., states, in pertinent part, "If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion."
[6] Rule 6.2(a), Ala. R.Crim. P., provides:
 "(a) Notice of Appearance. Before or at a first appearance in any court on behalf of a defendant, an attorney, whether privately retained or appointed by the court, shall file a notice of appearance or, in lieu thereof, the court shall note of record the attorney's appearance. Any provisions limiting the period of the attorney's employment, where a contract of employment between a defendant and privately retained counsel exists, and the names of any [of the attorney's] agents authorized to consult with the defendant . . . shall be included in the notice of appearance or shall be noted by the court on the record."
The record before this court does not show that retained counsel Harper complied with the mandatory requirement that he notify the trial court of any contractual terms limiting the period of his employment. "The purpose of the requirement is to give the court notice that the appearance by counsel is for a limited purpose." Committee Comments to Rule 6.2. We do not need to determine the consequences of this noncompliance, however, because the evidence submitted to the circuit court supports that court's finding that Esters did not request retained counsel to proceed with filing an appeal notice. Nonetheless, we take this opportunity to note our agreement with the following statement inUnited States v. Crespo, 398 F.2d 802, 802-03 (2d Cir. 1968):
 "While retained counsel who has been engaged to represent the defendant only at trial is not required to undertake the prosecution of the appeal, this court expects that trial counsel for any convicted defendant who wishes to appeal will . . . file a notice of appeal and promptly move . . . for leave to withdraw if he does not intend to represent the defendant on appeal."
See also Commonwealth v. Qualls, 785 A.2d 1007 (Pa.Super. 2001).
* Note from the reporter of decisions: On July 14, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.