Tauarus M. Tolbert appeals from the circuit court's denial of his Rule 32, Ala. *Page 1271 
R.Crim. P., petition. Tolbert, who was 19 years old at the time of the offense, was one of three codefendants[1] convicted of robbing a Shell gasoline service station in Bay Minnette. The petition sought post-conviction relief from Tolbert's conviction for robbery in the first degree and his sentence as a habitual felon to life in prison. Tolbert was tried on March 1, 2000. This trial ended in a mistrial based on the prosecution's withholding exculpatory material that came to its attention during discovery. Tolbert was retried and convicted on May 1, 2000, and was sentenced on June 22, 2000. No direct appeal was taken. This petition was timely filed on June 24, 2002. In his petition, Tolbert presents numerous claims of ineffective assistance of trial counsel.
To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient, which requires a showing that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment of the United States Constitution; and (2) that he was prejudiced by counsel's deficient performance, which requires a showing that the outcome of the trial would probably have been different, but for counsel's performance. Strickland v. Washington,466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 "`Rule 32.6(b) requires that the petition
itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion `which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts."
Boyd v. State, 913 So.2d 1113, 1125
(Ala.Crim.App. 2003). The claims in Tolbert's petition are nothing but bare allegations failing to plead sufficient facts supporting either prong of the Strickland test to suggest that Tolbert is entitled to any relief on his ineffective-assistance-of-counsel claims. See Rules 32.3 and 32.6(b), Ala. R.Crim. P. Nevertheless, despite his deficiency in pleading, Tolbert was granted a hearing on his claims at which he was afforded the opportunity to prove his various ineffective-assistance-of-counsel claims. Moreover, at the hearing for the first time, without objection, Tolbert asserted that the failure to appeal was through no fault of his own and requested an out-of-time appeal. The circuit court denied Tolbert's petition by the following written order:
 "Rule 32 hearing held on 5-18-04. Testimony taken from [defendant], Tauarus Tolbert and [attorney] Earnie White. After reviewing the testimony of the Rule 32 hearing, reviewing the petition and case file and the March 1, 2000, mistrial and the May 1, 2000, trial and the June 22, 2000, sentencing hearing, it is the finding of this Court, that [Tolbert's] allegations of ineffective assistance of counsel are without merit. [Attorney] White's performance was not deficient and [Tolbert] was not prejudiced *Page 1272 
to the extent that a different out-come of the trial would have resulted but for the ineffective assistance of counsel. Some of [Attorney] White's actions or inactions are perceived by the Court to be trial strategy and appear to be proper and effective. Petition is denied."
(Vol. 1, p. 2.)
Essentially, Tolbert claims on appeal, as at his hearing, that trial counsel, Earnest White, was ineffective because he failed to investigate the case, failed to develop a sound trial strategy, failed to adequately question witnesses on direct and cross-examination, failed to make a Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge, failed to have inculpatory evidence suppressed, failed to challenge the victim's identification of Tolbert, failed to reach a plea bargain with the State on his behalf, failed to present any witnesses for the defense, failed to present any witnesses at sentencing, failed to advise Tolbert whether to testify or to remain silent at sentencing, failed to appeal after being requested to do so, and, incorrectly instructed Tolbert not to testify on his own behalf at trial and allowed Tolbert to admit to having prior felony convictions.[2]
"The standard of review on appeal in a post conviction proceeding [where the facts are disputed] is whether the trial judge abused his discretion when he denied the petition. Exparte Heaton, 542 So.2d 931 (Ala. 1989)." Elliott v.State, 601 So.2d 1118, 1119 (Ala.Crim.App. 1992). Nevertheless, if the circuit court's ruling is correct for any reason, it will be affirmed on appeal. Hoobler v.State, 668 So.2d 905, 908-09 (Ala.Crim.App. 1995).
Here, Tolbert was not wearing a mask at the time of the robbery.[3] He was positively, absolutely, andunequivocally identified as one of the robbers by the two female clerks who were working in the Shell station at the time of the robbery.[4] He was also identified by a customer who saw him in the store moments before the robbery. Also, one of Tolbert's two codefendants testified that Tolbert participated in the robbery. The absoluteness of these identifications was beyond a successful challenge. Moreover, when he was arrested, Tolbert was carrying a marked two-dollar bill taken from the store's cash register during the robbery. In light of the overwhelming evidence of Tolbert's guilt, our review of the trial transcript discloses note a defense consisting of poor strategy choices, but rather a strong prosecution leaving scant strategy choices for the defense. "This Court cannot use hindsight to second-guess trial counsel's decision but must place itself in trial counsel's position at the time the decision was made." Gooch v. State,717 So.2d 50, 54 (Ala.Crim.App. 1997). With that backdrop in mind, the ineffective-assistance claims were either disputed by counsel, in which case we find no abuse of discretion in the circuit court's resolving the factual dispute against Tolbert, or the claims were undisputed, but even taken as true they did not *Page 1273 
prejudice the outcome of the trial. Tolbert failed to establish with any particularity any deficiency in White's representation that resulted in any prejudice. With one exception, we can find no abuse of discretion with the circuit court's denial of Tolbert's ineffective-assistance-of-counsel claims.
The one exception is Tolbert's claim that White did not acquiesce to Tolbert's request that White challenge his conviction on appeal. "`Appeal to this court has been ruled to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel.' Mancil v. State, 682 So.2d 501, 502
(Ala.Crim.App. 1996). See also Roe v. Flores-Ortega,528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)." Seay v.State, 881 So.2d 1065, 1067 (Ala.Crim.App. 2003). Tolbert claims that at the conclusion of the trial, after sentencing, he requested his retained counsel, White, to file an appeal on his behalf. According to Tolbert, White told him at that time that there was no need to appeal and that Tolbert should write him a letter about it later. Tolbert stated that he wrote two letters to White telling him to appeal, but he received no response from White. White testified that he "talked with [Tolbert and his family] briefly" after sentencing but that he did not "recall" any instructions asking him to take "affirmative action" regarding an appeal. (Vol. 2, p. 107-08.) White testified that he did not recall receiving letters from Tolbert but if Tolbert had requested an appeal, he "most likely would have appealed the case." (Vol. 3, p. 122.) White conceded that it was at least "possible" that this was the type of case — a 19-year-old sentenced to life in prison — "that would warrant very close scrutiny in terms of whether or not to file an appeal to the Alabama Court of Criminal Appeals." (Vol. 3, p. 108.) White also acknowledged that where a defendant is indigent,[5] like Tolbert, "the safest thing to do is to file the Notice of Appeal, withdraw, have the Court appoint that person an indigent lawyer, then you've preserved his rights to appeal." (Vol. 3, p. 109.)
There is no indication in the record on direct appeal that counsel ever withdrew his representation of Tolbert. Moreover, White does not dispute that neither he nor the trial court informed Tolbert that he had only 42 days from sentencing to timely file notice of appeal. At the conclusion of the Rule 32 hearing the circuit court, reflecting on a recent reversal resulting from its granting an out-of-time appeal, stated that the granting an out-of-time appeal "may not be something that this Court can do" but it would "look at that case [reversing the court] again." (Vol. 3, p. 127.)
In Esters v. State, 894 So.2d 755
(Ala.Crim.App. 2003), we analyzed the circuit court's denial of an out-of-time appeal by the following mandates of Rule 6.2, Ala. R.Crim. P.:
 "`(b) Duty of Continuing Representation. Counsel representing a defendant at any stage shall continue to represent that defendant in all further proceedings in the trial court, including filing of notice of appeal, unless counsel withdraws in accordance with a limited contract of employment as described in Rule 6.2(a), or for other good cause as approved by the court. *Page 1274 
 "`(c) Withdrawal. Counsel may be permitted to withdraw for good cause shown; however, no attorney shall be permitted to withdraw after a case has been set for trial except upon written motion stating the attorney's reasons for withdrawing.'
"(Emphasis added.) In the Committee Comments to Rule 6.2, we find the following:
 "`Section (b) contemplates that the usual procedure will be that counsel initially retained privately or appointed by the court will continue to represent the defendant through all stages of the trial proceeding, including filing notice of appeal. The rationale is that that attorney has the advantage of familiarity with the case. Continued representation also guarantees that the defendant's right of appeal is not lost in the period between termination of trial counsel's responsibilities in the case and retention or appointment of counsel for an appeal, if any. See ABA, Standards for Criminal Justice, Providing Defense Services 5-5.2 (2d ed.1986).
 "`Counsel must move to withdraw by means of a formal written motion. Withdrawal will be permitted only upon order of the court in response to such motion.'"
Esters v. State, 894 So.2d at 760 (footnote omitted) (appointed counsel failed to appeal). Moreover, Rule 24(b), Ala. R.App. P., concerning "Leave to Proceed on Appeal In Forma Pauperis in Criminal Cases" provides: "Appointed trial counsel shall continue as defendant's counsel on appeal unless relieved by order of the trial court."
Because whether counsel was instructed to file an appeal is disputed, because the circuit court expressed reservations about its authority to grant an out-of-time appeal, and because there are no findings of fact regarding this issue, we remand this case for the circuit court to make specific findings of fact regarding Tolbert's failure-to-appeal claim. We repeat our instructions fromSeay v. State, 881 So.2d at 1067-68:
 "If the circuit court finds that counsel did, in fact, represent that he would file a notice of appeal, but did not do so, then [Tolbert] is entitled to an out-of-time appeal. See Noble v. State, 708 So.2d 217
(Ala.Crim.App. 1997) (if the failure to timely file a notice of appeal is through no fault of the appellant's, he is entitled to an out-of-time appeal); Jones v. State, 495 So.2d 722 (Ala.Crim.App. 1986) (petitioner granted an out-of-time appeal after no notice of appeal was filed, despite petitioner's specific request that his counsel file a notice of appeal).
 "If, however, the circuit court finds that no such representations were made, the circuit court should apply the analysis set forth in Roe v. Flores-Ortega, [528 U.S. 470 (2000)]. Under this standard, if counsel fails to make any representations about appealing, no per se prejudice rule applies. Nevertheless, counsel still owes a duty to consult with his client about appealing `when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.' 528 U.S. at 480, 120 S.Ct. 1029. On remand, the court should make such findings of fact necessary to determine whether counsel owed a duty to [Tolbert] to consult with him regarding an appeal, whether such a duty was *Page 1275 
breached, and whether [Tolbert] was prejudiced by that breach. Therefore, the court should make findings regarding whether [Tolbert] showed any non-frivolous grounds for appeal, whether [Tolbert] or his [family] indicated to counsel any desire to appeal, whether other `substantial reasons' are shown to believe that [Tolbert] would have appealed, and whether counsel's conduct was so deficient that it caused [Tolbert] to forfeit an appeal that he would have otherwise filed. 528 U.S. at 485-87, 120 S.Ct. 1029.
 "Although an evidentiary hearing has already been conducted, on remand the circuit court may also conduct such further proceedings or take such additional evidence as it deems necessary to make its determination and specific findings of fact."
A return to remand shall be filed with this Court within 42 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings, if any are conducted, and the evidence submitted, as well as the circuit court's findings of fact.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] Fernando Finklea and Kendrell Finklea were also convicted in separate proceedings of the robbery of the Shell service station.
[2] We note that these claims appear inconsistent. However the record clarifies that Tolbert did not testify at trial and that Tolbert did not admit a prior felony at sentencing. The State offered proof at the sentencing hearing of one prior felony conviction.
[3] The record on direct appeal was made part of the record in this Rule 32 proceeding by its admission as an exhibit at the hearing on Tolbert's Rule 32 petition.
[4] He was identified as the robber wielding a firearm during the robbery.
[5] Tolbert's family obtained the money to pay for his defense at trial. However, Tolbert was not able to afford counsel on appeal.
* Note from the reporter of decisions: On April 14, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 23, 2006, that court denied rehearing, without opinion. On October 13, 2006, the Supreme Court denied certiorari review, without opinion (1051425).