The appellant, James R. Raney, alleges that he was convicted of first-degree robbery. He also alleges that, on December 7, 2005, the trial court sentenced him to serve a term of life in prison. On December 1, 2006, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that he did not appeal his conviction through no fault of his own. Specifically, he contends that he told his trial counsel that he wanted to appeal and that his trial counsel did not perfect an appeal. In its initial motion to dismiss, the State asserted that "[a]ppeal counsel was never requested or appointed." (C.R. 39.) Subsequently, the State filed a supplemental response, which included an affidavit from trial counsel. In his affidavit, counsel asserted:
 "I . . . represented the Defendant, James Robert Raney in a criminal trial on the 6th day of December, 2005. After *Page 469 
the Defendant's conviction at the close of trial, I told Mr. Raney that I would withdraw from the case and that I would not appeal a case that I had represented him in."
(C.R. 44.) The record does not indicate that trial counsel filed a motion to withdraw at that time. Rather, the record indicates that trial counsel filed a motion to withdraw from this case on April 19, 2007, more than one month after the circuit court dismissed the appellant's Rule 32 petition.
In Tolbert v. State, 953 So.2d 1269, 1272-75
(Ala.Crim.App. 2005), we addressed a similar situation as follows:
 "Essentially, Tolbert claims on appeal, as at his hearing, that trial counsel, Earnest White, was ineffective because he . . . failed to appeal after being requested to do so. . . .
 ". . . With one exception, we can find no abuse of discretion with the circuit court's denial of Tolbert's ineffective-assistance-of-counsel claims.
 "The one exception is Tolbert's claim that White did not acquiesce to Tolbert's request that White challenge his conviction on appeal. `"Appeal to this court has been ruled to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel." Mancil v. State, 682 So.2d 501, 502
(Ala.Crim.App. 1996). See also Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).' Seay v. State, 881 So.2d 1065, 1067 (Ala.Crim.App. 2003). Tolbert claims that at the conclusion of the trial, after sentencing, he requested his retained counsel, White, to file an appeal on his behalf. According to Tolbert, White told him at that time that there was no need to appeal and that Tolbert should write him a letter about it later. Tolbert stated that he wrote two letters to White telling him to appeal, but he received no response from White. White testified that he `talked with [Tolbert and his family] briefly' after sentencing but that he did not `recall' any instructions asking him to take `affirmative action' regarding an appeal. (Vol. 2, p. 107-08.) White testified that he did not recall receiving letters from Tolbert but if Tolbert had requested an appeal, he `most likely would have appealed the case.' (Vol. 3, p. 122.) White conceded that it was at least `possible' that this was the type of case — a 19-year-old sentenced to life in prison — `that would warrant very close scrutiny in terms of whether or not to file an appeal to the Alabama Court of Criminal Appeals.' (Vol. 3, p. 108.) White also acknowledged that where a defendant is indigent, like Tolbert, `the safest thing to do is to file the Notice of Appeal, withdraw, have the Court appoint that person an indigent lawyer, then you've preserved his rights to appeal.' (Vol. 3, p. 109.)
 "There is no indication in the record on direct appeal that counsel ever with-drew his representation of Tolbert. Moreover, White does not dispute that neither he nor the trial court informed Tolbert that he had only 42 days from sentencing to timely file notice of appeal. At the conclusion of the Rule 32 hearing the circuit court, reflecting on a recent reversal resulting from its granting an out-of-time appeal, stated that the granting an out-of-time appeal `may not be something that this Court can do' but it would `look at that case [reversing the court] again.' (Vol. 3, p. 127).
"In Esters v. State, 894 So.2d 755
(Ala.Crim.App. 2003), we analyzed the circuit court's denial of an out-of-time appeal by the following mandates of Rule 6.2, Ala. R.Crim. P.: *Page 470 
 "`"(b) Duty of Continuing Representation. Counsel representing a defendant at any stage shall continue to represent that defendant in all further proceedings in the trial court, including filing of notice of appeal, unless counsel withdraws in accordance with a limited contract of employment as described in Rule 6.2(a), or for other good cause as approved by the court.
 "`"(c) Withdrawal. Counsel may be permitted to withdraw for good cause shown; however, no attorney shall be permitted to withdraw after a case has been set for trial except upon written motion stating the attorney's reasons for withdrawing." "`
(Emphasis added.) In the Committee Comments to Rule 6.2, we find the following:
 "`"Section (b) contemplates that the usual procedure will be that counsel initially retained privately or appointed by the court will continue to represent the defendant through all stages of the trial proceeding, including filing notice of appeal. The rationale is that that attorney has the advantage of familiarity with the case. Continued representation also guarantees that the defendant's right of appeal is not lost in the period between termination of trial counsel's responsibilities in the case and retention or appointment of counsel for an appeal, if any. See ABA, Standards for Criminal Justice, Providing Defense Services 5-5.2 (2d ed. 1986).
 "`"Counsel must move to withdraw by means of a formal written motion. Withdrawal will be permitted only upon order of the court in response to such motion."'"
Esters v. State, 894 So.2d at 760 (footnote omitted) (appointed counsel failed to appeal.) Moreover, Rule 24(b), Ala. R.App. P., concerning `Leave to Proceed on Appeal In Forma Pauperis in Criminal Cases' provides: `Appointed trial counsel shall continue as defendant's counsel on appeal unless relieved by order of the trial court.'
"Because whether counsel was instructed to file an appeal is disputed, because the circuit court expressed reservations about its authority to grant an out-of-time appeal, and because there are no findings of fact regarding this issue, we remand this case for the circuit court to make specific findings of fact regarding Tolbert's failure-to-appeal claim. We repeat our instructions from Seay v. State, 881 So.2d at 1067-68:
 "`If the circuit court finds that counsel did, in fact, represent that he would file a notice of appeal, but did not do so, then [Tolbert] is entitled to an out-of-time appeal. See Noble v. State, 708 So.2d 217 (Ala.Crim.App. 1997) (if the failure to timely file a notice of appeal is through no fault of the appellant's, he is entitled to an out-of-time appeal); Jones v. State, 495 So.2d 722
(Ala.Crim.App. 1986) (petitioner granted an out-of-time appeal after no notice of appeal was filed, despite petitioner's specific request that his counsel file a notice of appeal).
 "`If, however, the circuit court finds that no such representations were made, the circuit court should apply the analysis set forth in Roe v. Flores-Ortega, [528 U.S. 470 (2000)]. Under this standard, if counsel fails to make any representations about appealing, no per se prejudice rule applies. Nevertheless, counsel still owes a duty to consult with his client about appealing "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous *Page 471 
grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480, 120 S.Ct. 1029. On remand, the court should make such findings of fact necessary to determine whether counsel owed a duty to [Tolbert] to consult with him regarding an appeal, whether such a duty was breached, and whether [Tolbert] was prejudiced by that breach. Therefore, the court should make findings regarding whether [Tolbert] showed any non-frivolous grounds for appeal, whether [Tolbert] or his [family] indicated to counsel any desire to appeal, whether other "substantial reasons" are shown to believe that [Tolbert] would have appealed, and whether counsel's conduct was so deficient that it caused [Tolbert] to forfeit an appeal that he would have otherwise filed. 528 U.S. at 485-87,120 S.Ct. 1029.
 "`Although an evidentiary hearing has already been conducted, on remand the circuit court may also conduct such further proceedings or take such additional evidence as it deems necessary to make its determination and specific findings of fact.'"
(Footnote omitted.)
In this case, we cannot determine from the record before us whether trial counsel filed a motion to withdraw before the time for filing a notice of appeal had expired or whether new counsel was appointed to represent the appellant on appeal. Further, trial counsel did not refute the appellant's allegation that he had told counsel he wanted to appeal his case. Finally, in its order denying the petition, the circuit court did not specifically address the appellant's claim. Because the appellant's claim that he did not appeal through no fault of his own could be meritorious, the circuit court erred in not addressing it. Therefore, we remand this case to the circuit court for that court to make specific, written findings of fact concerning that claim. On remand, the circuit court may require the State to respond more specifically to the appellant's contention and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and, if applicable, the State's response and/or a transcript of the evidentiary hearing.[1]
REMANDED WITH INSTRUCTIONS.*
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
[1] Because of our disposition of this case, we pretermit discussion of the claim the appellant raises in his brief to this court.
* Note from the reporter of decisions: On December 14, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.