This is a petition for a writ of habeas corpus.
On May 13, 1977 Dale Zeigler acknowledged paternity of a child born out of wedlock and was ordered by the Circuit Court of Montgomery County to pay to the mother $10.00 a week as support for the minor child.
In August 1979 Zeigler was found guilty of nonsupport. The trial court at that time found Zeigler to be in arrears in his child support payments in the amount of $1,125.00. Zeigler was held in contempt of court and was ordered to be jailed until he paid $500.00. Zeigler testified that his mother borrowed the $500.00 and paid it to get him out of jail.
The present action arose in June 1981 when the minor child's mother filed another petition alleging that Zeigler was in arrears in his child support payments. On July 15, 1981 the court found Zeigler to be in arrears in his child support payments in the amount of $1,445.00. Further, the court ordered Zeigler jailed until he paid the $1,445.00 arrearage.
Zeigler was incarcerated at the Montgomery County jail. Later he was moved to the Restitution Center. He, however, disappeared from the Restitution Center for one week and as a result was returned to the county jail.
On October 7, 1981 Zeigler filed a petition for writ of habeas corpus. A hearing was held on October 12, 1981 in the circuit court, and the petition was denied. As a result, Zeigler appeals to this court. On October 23, 1981 we granted Zeigler's petition for stay of order and release pending appeal.
The only issue in this appeal is whether the trial court erred in failing to grant Zeigler's habeas corpus petition. We find that it did and reverse the judgment.
Zeigler argues that the evidence adduced at trial showed that he is unable to pay the arrearage. As a result, he contends he cannot be incarcerated where he has shown that he is unable to pay. We agree with this contention.
At the hearing on the habeas corpus petition, Zeigler showed that he had no assets except a 1973 automobile, which had been wrecked twice. At the time of the hearing, he had lost his job due to his imprisonment. Prior to his imprisonment he had worked for the City of Montgomery earning approximately $125.00 a week. He testified that he spent at least $115.00 for his own maintenance and support.
The law is settled that imprisonment for contempt should not be imposed where the failure to pay is due to an inability to comply with the order. Muery v. Muery, 46 Ala. App. 617,247 So.2d 123, cert. denied, 287 Ala. 737, 247 So.2d 128 (1971). In the present case the evidence is undisputed that Zeigler is unable to pay the arrearage. Once the accused puts forth evidence that he is unable to pay, then it becomes the duty of the complainant to show beyond a reasonable doubt that the accused is able to pay. Sewell v. Butler, 375 So.2d 800
(Ala.Civ.App. 1979). The complainant in this case admitted that Zeigler was unable to pay. *Page 95 
The evidence is clear that Zeigler is unable to purge himself of the civil contempt citation, and as a result his writ of habeas corpus is due to be granted. We, therefore, reverse and remand this case to the trial court with directions to discharge Zeigler from custody.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.