EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a civil contempt case which arose from Lawler’s (the father’s) failure to pay court ordered child support.
In prior litigations between the parties the circuit court had attempted to obtain compliance with its child support judgments by many means, including adjudications of contempt and incarceration of Lawler in the county jail, but his delinquency continued and the amount of his arrear-age consistently increased in spite of all *349 orders and efforts of at least three fine trial judges. The present litigation culminated in the circuit court’s holding in a very explicit and well-written judgment that the father was in contempt. He was ordered held in jail until he purged himself of contempt by paying in full all of his delinquency.
There is no question nor doubt but that Lawler was in contempt of the circuit court for his failure to support his child in the amount of $50 each week as had been previously ordered by that trial court on several occasions. He had the weekly means of making his periodic payments had he possessed the least desire or inclination to do so. Admittedly, his arrearage now exceeds $5,000.
The only issue raised in this court is whether Lawler, at the time of his trial, had the ability to comply in any lawful manner, with the latest contempt judgment by making payment in full of his total delinquency. The mother has not favored us with a brief.
The only defense to conditional punishment as was here imposed is the inability of the contemnor to comply with the purge conditions, i.e., to pay. Williams v. Stumpe, 439 So.2d 1297 (Ala.Civ.App.1983).
Lawler swore that all of the property owned by him consists of a 1967 Buick automobile which he recently purchased for $150 and his welding tools which he uses in his work. He possesses no other assets. Lawler does not own any land or a home and has no bank account. He swore that he has no assets that can be used to pay his back support either by borrowing money against them or by selling them. He stated that his credit is poor and he is not able to borrow any money. The above testimony of the father was not controverted.
Mrs. Ray, who is Lawler’s former wife and the mother of the child, testified that she knew that he could not pay the delinquency of over $5,000 on the date of the trial or he would have done so or attempted to do so.
“In contempt proceedings when the accused proves that he is financially unable to comply with the court’s order the burden then falls on the shoulders of the complainant to prove beyond a reasonable doubt that the accused is financially able to comply with the decree. Sewell v. Butler, 375 So.2d 800 (Ala.Civ.App. 1979).”
Ex parte Griggs, 435 So.2d 103, 105 (Ala.Civ.App.1983). Accord, Zeigler v. Butler, 410 So.2d 93 (Ala.Civ.App.1982).
Lawler met his required burden of proof that he is unable to pay the arrear-age and the mother failed to prove in any manner or degree that he could pay that past-due child support. To the contrary, she admitted his inability to pay in that regard. Accordingly, this case in that respect is in the same posture as Zeigler v. Butler, supra, and we have no alternative but to reverse and remand this case to the circuit court. On remand, the circuit court is authorized, if it so desires, to adjudge Lawler to have been in contempt of court, but Lawler must be allowed to purge himself in a manner that is within his means and ability to comply with it.
This court is certainly cognizant of, sympathetic with, and fully relates to the total frustration and utter exasperation which has been experienced and expressed by both the learned trial court and the mother of the child because of Lawler’s consistent previous contumacious conduct; however, the law binds our hands and we have no alternative but to reverse and remand this case.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.