BEATTY, Retired Justice.
When Silvalane Shirley Vinson (“the mother”) and Herman E. Barron, Jr. (“the father”) divorced, the trial court awarded the father custody of their son. In August 1994, the trial court ordered the mother to pay child support in the amount of $288.81 per month.
In October 1997, the State of Alabama, on behalf of the father, petitioned for a rule nisi requiring the mother to show cause why she should not be held in contempt; the State alleged that the mother had a non-ADC ar-rearage of $8,241.85 in child-support payments, with accumulated interest totalling $1,208.86. The State argued that the mother should be held in contempt of court because, it said, she had willfully failed or refused to make the child support payments as ordered by the court.
After a hearing, the trial court issued an order, finding the mother in contempt of court for failing and/or refusing to pay child support as ordered by the court. The order stated:
“2. That the said child support arrear-age accumulated during a time period— i.e., from August of 1994 to hearing date [November 14, 1997] — in which the [mother] has been gainfully employed and has had income. NOTE: The [mother’s] actual earnings ability is not in any way impaired and she is voluntarily unemployed and/or underemployed.
“3. That the [mother] is without any lawful excuse for non-payment of child support as ordered and her failure and/or refusal to comply with the court’s order is willful and contemptuous.”
The order also stated that the mother could purge herself of contempt by paying the arrearage, which it found to be $8,530.66, plus accumulated interest in the amount of $1,291.28, within 90 days. The trial court ordered that if the mother defaulted in the condition of purge, she was sentenced to serve one day of confinement in jail and then was to remain in jail until the arrearage and interest was fully paid.
When the 90 days expired, the State moved to have the mother arrested because she had failed to purge herself of contempt. The mother filed a letter outlining what she said were the reasons she had been unable to purge herself and requesting that the trial court abolish her child-support obligation.
*551 After a hearing, the trial court issued an order denying the mother’s request and granting the mother an additional 30 days to meet the original condition of purge. The order stated that if the mother failed to meet the condition of purge within the allotted time, an order for her arrest would be issued.
Thereafter, pursuant to the mother’s request, the trial court appointed an attorney to represent her. The mother moved to stay execution of the order, pending appeal, which was granted.
The mother appeals, contending that the trial court abused its discretion when it sentenced her to imprisonment unless and until she paid the entire child-support arrearage and interest. The mother contends that she presented evidence showing that she was financially unable to pay the child-support arrearage and the interest in a large lump sum.
After reviewing the record, we find that the mother presented such evidence: Her evidence indicated that she did not have the financial means to purge herself as ordered by the trial court — to pay the child-support arrearage and interest in a large lump sum. The State, on behalf of the father, was unable to prove that the mother did have the financial means to purge herself as ordered by the trial court. In fact, in its brief on appeal the State “acknowledges that the trial court may not have [the mother] incarcerated until such time as she purges herself by paying the entire amount of child support debt and interest, based upon the facts of this case.” Thus, the trial court committed reversible error when it ordered the mother incarcerated unless and until she paid the entire amount of child-support arrearage plus interest. Carr v. Broyles, 652 So.2d 299 (Ala.Civ.App.1994); Lawler v. Ray, 451 So.2d 348 (Ala.Civ.App.1984). Accordingly, we reverse the judgment and remand this cause for further proceedings. On remand, the trial court may find the mother to be in contempt of court; however, she must be allowed to purge herself in a manner that is consistent with her means and ability to comply. Carr, 652 So.2d 299; Lawler, 451 So.2d 348.
Let the judgment be reversed and the cause remanded.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.