WISE, Presiding Judge.
 

 The appellant, Annie Lee Johnson, pled guilty to unlawful possession of a controlled substance. The trial court sentenced her to serve a term of two years in prison, but suspended the sentence and ordered her to serve three years on supervised probation. On October 17, 2007, the State filed a motion for the circuit court “to issue an order for [Johnson] to show cause as to why his/her probation/suspended sentence should not be revoked and/or as to why he/she should not be held in contempt of court for failure to pay court ordered monies and/or failure to cooperate with the Court Referral Office in the above case(s).” (C.R. 4.) After conducting a hearing, the circuit court found Johnson in contempt and ordered her to serve one
 
 *262
 
 year with the community corrections program. This appeal followed.
 

 Johnson argues that the circuit court erroneously revoked her probation. However, it did not revoke her probation. Rather, after the circuit court conducted a hearing on the allegations that Johnson had not paid court-ordered money, it found her in contempt and ordered her to serve one year with community corrections. We addressed a similar situation in
 
 Dixon v. State,
 
 920 So.2d 1122, 1125-27 (Ala.Crim.App.2005), as follows:
 

 “Although, as we explain later, we agree with Dixon’s argument that the subsequent order of the trial court increasing the restitution and the amount he was required to pay to the Crime Victims Compensation Fund was void, we note that there is a greater issue before us. Initially, we reverse the order of the trial court holding Dixon in contempt based on the fact that the trial court did not have subject matter jurisdiction over the contempt action against Dixon.
 

 “It is well-settled that ‘[i]n no case shall an indigent defendant be incarcerated for inability to pay a fíne or court costs or restitution.’ Rule 26.11(i)(2), Ala. R.Crim. P.
 
 See also P.W. v. State,
 
 625 So.2d 1207, 1210 (Ala.Crim.App.1993) (‘ “[T]he imprisonment of an indigent offender for failure to pay his fine is generally recognized as constitutionally impermissible,
 
 Williams v. Illinois,
 
 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970);
 
 Tate v. Short,
 
 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).”
 
 Wheatt v. State,
 
 410 So.2d 479, 481 (Ala.Cr.App.1982).’);
 
 Zeigler v. Butler,
 
 410 So.2d 93, 94 (Ala.Civ.App.1982) (‘The law is settled that imprisonment for contempt should not be imposed where the failure to pay [an arrearage in child support] is due to an inability to comply with the order.
 
 Muery v. Muery,
 
 46 Ala.App. 617, 247 So.2d 123,
 
 cert. denied,
 
 287 Ala. 737, 247 So.2d 128 (1971).’).
 

 “In
 
 Ex parte Watson,
 
 757 So.2d 1107, 1112 (Ala.2000), the Alabama Supreme Court noted:
 

 “ ‘A restitution order is a money judgment, just as an order to pay a fine and costs is a money judgment. A restitution order may be secured and collected
 
 with all of the powers available wider the law for securing and collecting civil judgments,
 
 see Rules 64 and 69, Ala. R. Civ. P., albeit without some of the constraints, such as the debtor’s exemptions from civil judgments.
 
 See
 
 § 15-18-78, Ala.Code 1975;
 
 Moore v. State,
 
 706 So.2d 265 (Ala.Crim.App.1996); and
 
 Rice v. State,
 
 491 So.2d 1049 (Ala.Crim.App.1986).’
 

 “(Emphasis added.)
 

 “Nowhere in our caselaw, statutes, or rules do we allow the imprisonment of a civil debtor because he or she is unable to pay the debt. Nowhere in our case-law, statutes, or rules will a case of constructive contempt lie for the inability to pay a debt owed to a creditor or, in this case, a victim. Rather, a suit is commenced, a judgment is obtained and executed, and a lien is imposed or wages are garnished. That is, the victim takes advantage of his or her civil remedies; the court does not act as an enforcer and compel payment to the victim through the imposition of a criminal penalty upon the indigent debtor.
 

 “‘In order to hold a person in contempt, a court must have jurisdiction over the person and the subject matter.
 
 State v. Thomas,
 
 550 So.2d 1067 (Ala.1989).’
 
 M.C. v. State,
 
 600 So.2d 387, 388 (Ala.Crim.App.1991). Our law does not contemplate that this type of contempt action6 will lie in order to circumvent
 
 *263
 
 the clear prohibition in Rule 26.11(i)(2) against jailing an indigent defendant for his or her inability to pay court-ordered moneys. Therefore, we hold that the trial court did not have jurisdiction to issue the contempt order in this case. We reverse its judgment that Dixon ‘be immediately incarcerated for such contempt and held in the Bibb County Jail pending payment of a lump sum of
 
 *
 
 $10,000.00.’ (C. 251.)
 

 “6 Rule 33.1(b), Ala. R.Crim. P., defines the different types of contempt:
 

 “ ‘(1) “Direct Contempt” means disorderly or insolent behavior or other misconduct committed in open court, in the presence of the judge, that distui’bs the court’s business, where all of the essential elements of the misconduct occur in the presence of the court and are actually observed by the court, and where immediate action is essential to prevent diminution of the court’s dignity and authority before the public.
 

 “ ‘(2) “Constructive Contempt” means any criminal or civil contempt other than a direct contempt.
 

 “ ‘(3) “Criminal Contempt” means either:
 

 “‘(a) Misconduct of any person that obstructs the administration of justice and that is committed either in the court’s presence or so near thereto as to interrupt, disturb, or hinder its proceedings, or
 

 “ ‘(b) Willful disobedience or resistance of any person to a court’s lawful writ, subpoena, process, order, rule, or command, where the dominant purpose of the contempt proceeding is to punish the contem-nor.
 

 “ ‘(4) “Civil Contempt” means willful, continuing failure or refusal of any person to comply with a court’s lawful writ, subpoena, process, order, rule, or command, that by its nature is still capable of being complied with.’
 

 “The Committee Comments to Rule 33.1, Ala. R.Crim. P., state, in pertinent part:
 

 “ ‘Rule 33 applies both to civil contempt proceedings and to criminal contempt proceedings, so long as the proceedings arise out of criminal cases. The general distinction between civil and criminal contempt is the purpose for which the punishment is imposed. Where the punishment operates prospectively, i.e., to coerce compliance with a lawful order of the court, the contempt is civil. The person being punished holds the keys to the jail and can gain release at any time by complying with the order. See
 
 Shillitani v. United States,
 
 384 U.S. 364 (1966). On the other hand, a criminal contempt proceeding is intended to punish for accomplished, not contemplated or ongoing, conduct, e.g., a willful failure to comply with lawful orders of the court. Its purpose is to vindicate the dignity of the court. Criminal contempt is a criminal offense for which a specific punishment is meted out, over which the defendant has no control. See
 
 United States v. Barnett,
 
 376 U.S. 681 (1964).’
 

 “The contempt in this case was clearly constructive, but it is unclear whether Dixon was ordered imprisoned based on an adjudication of criminal contempt or of civil contempt.”
 

 Similarly, in this case, it appears that the circuit court held Johnson in contempt and sentenced her to the community cor
 
 *264
 
 rections program based on the fact that she had not paid court-ordered money. However, for the reasons we set forth in
 
 Dixon,
 
 the circuit court did not have jurisdiction to hold Johnson in contempt for failure to pay court-ordered money. Accordingly, we reverse the circuit court’s judgment ordering Johnson to serve one year in the community corrections program and remand this case for the circuit court to vacate the contempt order.
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, and KELLUM, JJ., concur.