74 So.3d 944 (2011)
Ex parte Sarah H. STEWART, Circuit Judge, 13th Judicial Circuit.
(In re Ex parte Kevin Byrd (In re State of Alabama v. Kevin Byrd)).
1100600.
Supreme Court of Alabama.
June 30, 2011.
*945 Martha Tierney, asst. dist. atty., Mobile County, for petitioner.
Charles H. Jones, Jr., Mobile, for respondent Kevin Byrd.
Samuel Henry Welch, presiding judge, and Mary Becker Windom, J. Elizabeth Kellum, Liles C. Burke, and J. Michael Joiner, judges, Alabama Court of Criminal Appeals, for respondents.
Luther Strange, atty. gen., and John C. Neiman, Jr., and Prim F. Escalona, deputy attys. gen., amicus curiae Attorney General Luther Strange, in support of the petitioner.
Barry D. Matson, Montgomery, amicus curiae Alabama District Attorneys Association, in support of the petitioner.
MAIN, Justice.
The Honorable Sarah H. Stewart, a circuit judge in the 13th Judicial Circuit, petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to quash the writ of mandamus it issued to the circuit court by an unpublished order. Ex parte Byrd (No. CR-10-0035, Feb. 9, 2011), ___ So.3d ___ (Ala. Crim.App.2011) (table).[1] We grant the petition and issue the writ.

I. Factual Background
On December 4, 1995, Kevin Byrd pleaded guilty in the Mobile Circuit Court to first-degree assault. He was sentenced, pursuant to a plea agreement, to 10 years' imprisonment; that sentence was suspended, and Byrd was ordered to serve 180 days in "boot camp" followed by 5 years on probation and to pay $60,000 in restitution to the victim. After completing "boot camp," Byrd was released on probation. On March 5, 1998, the trial court ordered Byrd to begin making restitution payments of at least $75 per month. In March 1999, his probation was revoked because he had committed new offenses, *946 and he was ordered to serve the remainder of his sentence in prison. In 2002, Byrd completed his sentence and was released from prison.
In March or April 2005, the Mobile County District Attorney's Office began collecting the unpaid restitution pursuant to § 12-17-225 et seq., Ala.Code 1975. In August 2007, the Mobile County District Attorney's Office requested that the trial court conduct a hearing at which Byrd was to show cause why he should not be held in contempt for failing to have paid the court-ordered restitution. The trial court conducted hearings in January 2008, October 2008, May 2010, and September 2010, reviewing Byrd's compliance with the restitution order and adjusting Byrd's periodic restitution payments to meet his financial ability to pay. At the January 2008 hearing the trial court ordered Byrd to pay $100 per month in restitution and to pay $1,500 by April 15, 2008, and to bring his 2007 federal and state tax returns and a household budget to the next hearing date. At the October 2008 hearing the trial court ordered Byrd to pay $500 per month in restitution. At the May 2010 hearing Byrd challenged the trial court's jurisdiction; the trial court took the matter under advisement. On August 31, 2010, the trial court issued an order holding that it had jurisdiction over the restitution matters and scheduled a hearing, at which Byrd was either to provide evidence that he was indigent or to suggest a payment plan and the State was to provide an accounting of Byrd's restitution payments since sentencing. At the September 2010 hearing there was discussion of Byrd's income, assets, expenses, and payment history; on September 23, 2010, the trial court ordered Byrd to pay $200 a month in restitution and reset the matter for review on December 8, 2010.
On October 12, 2010, Byrd petitioned the Alabama Court of Criminal Appeals for a writ of mandamus directing the trial court to set aside all orders respecting restitution entered after December 4, 2000, the date on which Byrd says his probationary term for the 1995 conviction expired, and to dismiss the proceedings. On February 9, 2011, the Court of Criminal Appeals granted the petition and issued the writ, directing the trial court to set aside its September 23, 2010, order because it lacked jurisdiction. The court, in its unpublished order, held as follows:
"In this case, Byrd had finished his term of imprisonment and was not on probation or parole. According to our holding in Dixon v. State, 920 So.2d 1122 (Ala.Crim.App.2005), Judge Stewart had no jurisdiction of the contempt action as she did not have jurisdiction of both the person and the subject matter. Nor could Judge Stewart, in 2010, modify a restitution order that had been entered in 1995. This petition is hereby GRANTED and Judge Stewart is directed to set aside her September 23, 2010, order for lack of jurisdiction. The State's remedies for collecting on delinquent restitution are set out in § 12-17-225.3; § 15-18-72; and § 15-18-78(a), Ala.Code 1975."
The trial judge then filed the present petition for a writ of mandamus with this Court asking us to direct the Court of Criminal Appeals to quash the writ of mandamus it had issued to the circuit court.

II. Standard of Review
"`Our review of a decision of the Court of Criminal Appeals on an original petition for a writ of mandamus is de novo. Rule 21(e)(1), Ala. R.App.P.; Ex parte Sharp, 893 So.2d 571, 573 (Ala.2003). The standard for *947 issuance of a writ of mandamus is well settled:
"`"A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."
"`Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001) (citing Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000)).'
"Ex parte McCormick, 932 So.2d 124, 127-28 (Ala.2005)."
State v. Jones, 13 So.3d 915, 919 (Ala. 2008).

III. Analysis
The ultimate issue presented by this petition is whether a trial court has jurisdiction over a proceeding involving a defendant who has failed to comply with a restitution order when the defendant has completed his or her term of imprisonment and is not on probation or parole. The trial judge contends that the Court of Criminal Appeals erred when it issued a writ of mandamus directing the trial court to set aside its September 23, 2010, order for lack of jurisdiction. The trial judge argues that the court has jurisdiction to enforce its original order imposing restitution; that the civil remedies for collecting restitution are not exclusive; that the cases relied upon by the Court of Criminal Appeals do not preclude the trial court's actions in this case because Byrd was neither found indigent by the court nor incarcerated for his failure to pay; and that the public-policy concern that victims receive restitution supports the trial court's authority to enforce restitution orders, regardless of whether the defendant has completed his or her term of imprisonment or probation.
The Alabama District Attorneys Association filed in this Court a brief as amicus curiae in support of the trial judge's mandamus petition, essentially presenting the same arguments. The Alabama Attorney General also filed a brief as amicus curiae, supporting the trial judge's arguments and further arguing that the practical consequences of the Court of Criminal Appeals' ruling would be dire; he avers that if that court's ruling is allowed to stand substantial changes would be necessary for trial courts and district attorneys to collect court-ordered restitution and that civil enforcement alone is not an adequate means to attempt to collect court-ordered restitution.
In its response, the Court of Criminal Appeals questions whether Judge Stewart's petition properly states grounds appropriate for an original petition for a writ of mandamus under Rule 21(e)(1), Ala. R.App.P. The Court of Criminal Appeals also argues that the trial court was without jurisdiction to modify the restitution order more than 30 days after that order was entered, see Dixon v. State, 920 So.2d 1122 (Ala.Crim.App.2005); that there existed no statutory authority for the trial court to modify a restitution order after Byrd had completed his terms of imprisonment and probation; and that after probation had ended restitution was enforceable through the civil process described in § 15-18-78, Ala.Code 1975.
In the Court of Criminal Appeals' response to Judge Stewart's petition, Judge Joiner, joined by Judge Burke, filed a separate response acknowledging that they were not members of that court at the time the writ was issued and that, had they been members of that court at that time, they would have dissented from the *948 order issuing the writ. Judge Joiner and Judge Burke state that they do not believe Dixon is controlling because in Dixon the trial court increased the total amount of restitution owed by the defendant, who was indigent, and then, even after the defendant had paid more in restitution than he was originally ordered to pay, ordered him incarcerated upon finding him in contempt for failing to pay the entire increased amount. They note that here there is no indication that Byrd is indigent, that the trial court did not alter the total amount owed but rather restructured the periodic-payment schedule in accordance with Byrd's financial circumstances, that the trial court did not find Byrd in contempt or incarcerate him for failure to pay restitution, and that Byrd has not yet paid the originally ordered total amount. Judge Joiner and Judge Burke further respond that they believe that restitution is a part a defendant's sentence and that the trial court accordingly retains jurisdiction over that portion of the sentence until the restitution is paid in full.
Byrd also filed a response to Judge Stewart's petition, in which he argued that a writ of mandamus was not appropriate because, he said, the State has another adequate remedy at law in that it may use civil collection procedures to collect the unpaid restitution; that the Court of Criminal Appeals correctly found that the trial court was without subject-matter jurisdiction to summon Byrd to court to show cause why he should not be held in contempt for his alleged failure to pay full restitution in a case for which he was no longer incarcerated or on probation; that the proper manner to attempt to collect the restitution following the termination of probation would be the same manner as for a civil judgment, see § 12-17-225.6, Ala.Code 1975; that the trial court was without jurisdiction to modify the restitution order more than 30 days from the date the order was entered; and that Dixon and Johnson v. State, 17 So.3d 261 (Ala.Crim.App.2009) (holding that, for the reasons expressed in Dixon, the trial court was without jurisdiction to hold the appellant in contempt and to sentence her to community corrections for failure to pay court-ordered moneys) support his claim that the trial court was without jurisdiction to enter the later restitution orders in this case because Byrd had completed his sentence of imprisonment and probation. Byrd also challenges the arguments in the amicus brief of the attorney general, asserting that the cases cited in the amicus brief do not support the conclusion that the trial court in this case had continuing jurisdiction to enter the later orders.
Section 12-1-7(3), Ala.Code 1975, provides that every court has the power "to compel obedience to its judgments, orders and process and to orders of a judge out of court, in an action or proceeding therein." Title 12, Chapter 17 of the Alabama Code 1975 is entitled "Circuit and District Court Personnel." Article 6 of Title 12, Chapter 17, addresses district attorneys; Division 4, § 12-17-225 et seq., Ala.Code 1975, is entitled "Restitution Recovery Division." The relevant provisions of Division 4 are § 12-17-225, -225.1, -225.2, and -225.3, and those provisions are quoted in pertinent part below:
"It is the purpose of this legislation to ensure that court-ordered restitution to crime victims, victim compensation assessments, bail bond forfeitures, court costs required by law, fines levied against criminals for wrongful conduct, and other court-ordered sums payable to the state or to the crime victims be paid in full and that cost of collection be borne by the person who is responsible for payment. The Legislature of this state further recognizes that the district attorneys of the various judicial circuits *949 are mandated by law to represent the people of the state, and a strong public policy dictates that restitution, court costs, fines, and other court-ordered sums be enforced within each judicial circuit by the district attorneys in conjunction with the circuit clerks and local courts."
§ 12-17-225, Ala.Code 1975.
"Any law to the contrary notwithstanding, each district attorney may establish a special division designated the `restitution recovery division' for the administration, collection, and enforcement of court costs, fines, penalty payments, victim compensation assessments, bail bond forfeitures, restitution, or like payments in civil or criminal proceedings ordered by the court and payable to the state or to crime victims, or judgements entered which have not been otherwise vacated, or judicial relief given from the operation of the order or judgement."
§ 12-17-225.1, Ala.Code 1975.
"The court or the clerk of the court shall notify the district attorney in writing when any bail bond forfeitures, court costs, fines, penalty payments, crime victims' restitution, or victims' compensation assessments or like payments in any civil or criminal proceeding ordered by the court to be paid to the state or to crime victims have not been paid or are in default and the default has not been vacated. Upon written notification to the district attorney, the restitution recovery division of the office of the district attorney may collect or enforce the collection of any funds that have not been paid or that are in default which, under the direction of the district attorney, are appropriate to be processed. In no event shall a court or court clerk notify the district attorney in less than 90 days from the date the payments are due to be paid in full."
§ 12-17-225.2, Ala.Code 1975.
"After notification as provided in Section 12-17-225.2, the district attorney may take all lawful steps necessary in order to require compliance with the court-ordered payments, including any of the following: (1) a petition for revocation of probation; (2) a show cause petition for contempt of court; (3) any other civil or criminal proceedings which may be authorized by law or by rule of court. In addition, the district attorney may issue appropriate notices to inform the defendant of the noncompliance of the defendant and a warning of the penalty for noncompliance."
§ 12-17-225.3, Ala.Code 1975. Title 15, Chapter 18, codifies the sentence and punishment aspect of criminal procedure; Article 4A of Title 15, Chapter 18, is entitled "Restitution to Victims of Crimes" and was enacted by Act No. 80-588, Ala. Acts 1980 ("the restitution act"). The legislative intent in enacting the restitution act is set forth as follows:
"The Legislature hereby finds, declares and determines that it is essential to be fair and impartial in the administration of justice, that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof. The provisions of this article shall be construed so as to accomplish this purpose and to promote the same which shall be the public policy of this state."
§ 15-18-65, Ala.Code 1975. The restitution act also provides:
"When a defendant is sentenced to a term of imprisonment, the order of restitution shall be enforceable during the period of imprisonment when the defendant *950 has any asset or other income or any portion thereof to which a defendant is or may be entitled. The Board of Pardons and Paroles shall be notified of the amount of restitution by its parole officers and when and if the defendant is paroled, it shall be made a condition of the parole to continue the restitution payments to the victim. If during the period of the defendant's parole, he or she fails to make restitution as ordered by the original court, it shall be grounds for revocation of parole."
§ 15-18-71, Ala.Code 1975.
"(a) When a defendant whose sentence has been suspended and placed on probation by the court, and ordered to make restitution, defaults in the payment thereof or of any installment, the court on motion of the victim or the district attorney or upon its own motion shall require the defendant to show cause why his default should not be treated as violation of a condition of his probation.
"(b) When the defendant is sentenced to the penitentiary by the court, and the court orders restitution, it shall be made a condition of his parole that restitution be made. When the parolee defaults in the payment thereof or any installment, the parole board on motion of the victim or the district attorney or the supervising parole officer, may require the defendant to show cause why his default should not be treated as a violation of a condition of parole, and the board may declare the parolee delinquent and after due process may revoke his parole."
§ 15-18-72, Ala.Code 1975.[2]
"(a) A restitution order in a criminal case shall be a final judgment and have all the force and effect of a final judgment in a civil action under the laws of the State of Alabama. The victim on whose behalf restitution is ordered, the executor or administrator of the victim's estate, or anyone else acting on behalf of the victim, shall be entitled to all the rights and remedies to which a plaintiff would be entitled in a civil action under the laws of this state as well as any other right or remedy pertaining to such restitution order as may be provided by law.
"(b) The provisions of this section shall be read and deemed in pari materia with other provisions of law. Provided however, the provisions of this section are cumulative and shall not be construed so as to deprive any victim of any other remedy or relief to which a victim may now or hereafter be entitled pursuant to law."
§ 15-18-78, Ala.Code 1975.
Although the language in §§ 15-18-71 and 15-18-72 speaks only to restitution and potential penalties for nonpayment during the term of imprisonment, parole, and/or probation, nothing in those or any of the other statutes quoted above expressly prohibits a trial court from seeking to enforce restitution orders in the manner used by the trial court in this case.
Even though the restitution act designates a restitution order as a final judgment with all the force and effect of a final judgment in a civil action entitling the victim to all rights and remedies recognized under civil actions, see § 15-18-78, nothing in the restitution act makes restitution a civil matter. Rather, restitution is viewed as being incident to criminal prosecution, see Piggly Wiggly No. 208, Inc. v. Dutton, 601 So.2d 907 (Ala.1992), and is a *951 part of the criminal sentence that serves both a compensatory function for the victim and a rehabilitative function for the defendant. See Roberts v. State, 863 So.2d 1149 (Ala.Crim.App.2002).
The Court of Criminal Appeals relied on Dixon, supra, in granting Byrd's mandamus petition and directing the trial court to set aside the September 23, 2010, order. In Dixon, the Court of Criminal Appeals held that the trial court was without jurisdiction to incarcerate Dixon for failure to pay the court-ordered restitution and was without jurisdiction to rule on Dixon's motion to amend his sentence more than 60 days after the pronouncement of sentence. The defendant in Dixon was originally sentenced to 10 years in prison with no probation and was ordered to pay $10,000 in restitution and $5,000 to the Crime Victims Compensation Fund. Dixon moved the trial court to set aside his sentence, and more than nine months later the trial court suspended Dixon's 10-year sentence, released him from prison, and placed him on probation; the trial court also increased Dixon's restitution to $75,000 and increased the amount to be paid to the Crime Victims Compensation Fund to $10,000. Nearly four months after that modification, the trial court revoked Dixon's probation for failure to pay the court-ordered moneys. Then, after Dixon completed his sentence, the State petitioned the court to hold him in contempt for failing to pay nearly $39,000 of the court-ordered restitution; the trial court eventually found Dixon in contempt and held him in jail pending payment of a lump sum of $10,000. The Court of Criminal Appeals reversed the trial court's decision, holding that because there was nothing in the record showing the agreement of the parties to a continuance of the motion beyond the 60-day period, the trial court lost jurisdiction to grant Dixon's motion to modify his sentence when the motion was denied by operation of law 60 days after sentencing and that the trial court was without jurisdiction to incarcerate Dixon, who was indigent, for failing to pay the increased court-ordered moneys. The court further noted that a court must have jurisdiction over both the person and the subject matter to find a person in contempt and that a court does not have jurisdiction to incarcerate an indigent defendant for his or her inability to pay court-ordered moneys. In Dixon, the trial court increased the total amount of restitution owed by the defendant, who was indigent, and then, even after the defendant had paid more than the originally ordered amount but less than the increased amount, ordered him incarcerated upon finding him in contempt for failing to pay the entire increased amount. As Judge Joiner, joined by Judge Burke, recognize, (1) there is no indication here that Byrd is indigent; (2) the trial court did not alter the total amount Byrd owed but restructured the periodic-payment schedule in accordance with Byrd's financial circumstances; (3) the trial court did not find Byrd in contempt or incarcerate him for failure to pay but merely modified Byrd's periodic-payment schedule; and (4) Byrd has not yet paid the amount originally ordered. Judge Joiner's observations are correct, and the holding in Dixon is not controlling based on the facts presented in this case.
Dixon has been cited favorably in only one other opinion, Johnson v. State, 17 So.3d 261 (Ala.Crim.App.2009). Johnson was serving a probationary sentence; the trial court conducted a hearing to determine what action to take when Johnson, who was indigent, failed to pay court-ordered moneys, after which the trial court found Johnson in contempt and ordered that Johnson serve one year with the community-corrections program. Quoting extensively from Dixon, the Court of *952 Criminal Appeals held that Johnson had improperly been found in contempt and ordered to serve time in the community-corrections program for failure to pay court-ordered moneys. Byrd's reliance on Johnson, like Dixon, is not persuasive because Byrd was not indigent and neither was he found in contempt or ordered to serve any sort of incarceration for his failure to pay court-ordered moneys.
The trial judge's argument in her mandamus petition is persuasive. Byrd has completed the portion of his sentence dealing with periods of time (e.g., incarceration and probation), but he has not completed the portion of his sentence dealing with restitution. Read together, the above-quoted statutes allow the trial court to take certain steps in an effort to have Byrd pay the restitution ordered by the trial court. In taking those steps, the trial court did not increase the total amount owed but, instead, modified the payment schedule in an effort to make it commensurate with Byrd's financial ability to pay and to take into account Byrd's changing financial circumstances. The trial court did not incarcerate Byrd for failing to pay the court-ordered restitution, nor did it even suggest that he would be incarcerated if he continued to fail to meet his payment obligations. Other civil remedies are available in the statutes addressing restitution to ensure that a victim receives his or her restitution, but they are not exclusive. In short, nothing in the restitution act prevents the trial court from taking the action taken in this case. The Court of Criminal Appeals erred in holding otherwise.

IV. Conclusion
Judge Stewart's petition for the writ of mandamus is granted; the Court of Criminal Appeals is directed to quash the writ of mandamus it issued on February 9, 2011, in Ex parte Byrd, requiring the circuit court to set aside its September 23, 2010, order.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, and SHAW, JJ., concur.
WOODALL, PARKER, and MURDOCK, JJ., concur in the result.
WISE, J., recuses herself.[*]
NOTES
[1] At the time the Court of Criminal Appeals issued its order granting Kevin Byrd's petition for a writ of mandamus, there were two vacancies on that court and the court consisted of three judgesPresiding Judge Welch and Judges Windom and Kellum, all of whom concurred in issuing the writ.
[2] Section 15-18-72 was amended effective May 4, 1982, by Act No. 82-556, Ala. Acts 1982.
[*] Justice Wise was a member of the Court of Criminal Appeals when that court considered this case.